Jean R. **LEWIS**, Plaintiff,

v.

**WALKER–THOMAS FURNITURE CO., INC., et al., Defendants.**

**Civ. A. No. 76–0026.**

United States District Court, District of Columbia.

June 21, 1976.

---

## MEMORANDUM AND ORDER

GESELL, District Judge.

This is an action under the Truth-in-Lending Act, 15 U.S.C. § 1601 *et seq.* and Regulation Z of the Board of Governors of the Federal Reserve Board, 12 C.F.R. § 226.1 et seq. (1976). Plaintiff has now moved for summary judgment on counts I–IV of the complaint, each count corresponding to a separate credit transaction between plaintiff and defendant Walker-Thomas Furniture Co., Inc., and defendant has filed an opposition.[1]

The material facts are not in dispute. Plaintiff and defendant entered into four separate consumer credit transactions whereby plaintiff purchased at retail cer-

---

1. Plaintiff has recently filed a motion to amend the complaint to add a fifth transaction, to which defendant has not yet had an opportunity to respond. It is unnecessary to rule upon this motion for purposes of summary judgment since the amendment, if allowed, would not inject any additional legal issue and would be relevant only to the amount of damages claimed by plaintiff.

tain merchandise for personal, family or household use and incurred a finance charge as a result of deferring payment on the items. For each transaction the parties executed a retail installment contract, and these contain whatever disclosures were made by defendant to plaintiff pursuant to the Truth-in-Lending Act. The contracts, which are of record herein, consist of identical printed forms on which the particular numerical amounts were entered by hand at the time of purchase.

Plaintiff complains here of three alleged violations which recur in the several contracts: (1) designation of the "amount financed" as the "*total* amount financed" (emphasis added), 12 C.F.R. §§ 226.6(a), 226.8(c)(7); (2) failure to itemize and describe separately each component of the "finance charge," 12 C.F.R. § 226.8(c)(8)(i); and (3) failure to disclose and label as such the "unpaid balance," using instead the term "total amount financed," 12 C.F.R. § 226.8(c)(5). Based on these asserted infractions, plaintiff seeks damages as provided in the statute (15 U.S.C. § 1640) of either a minimum of $100.00 or twice the amount of the finance charge (up to a maximum of $1,000.00) for each of the transactions.

Since it is clear, and defendant does not contend otherwise, that the credit transactions at issue here are within the Truth-in-Lending Act, 15 U.S.C. § 1638, and hence that jurisdiction over these claims is proper, 15 U.S.C. § 1640(e), the Court will now consider each of the three issues in turn.

■ Plaintiff first asserts that defendant violated the Act by using in the contracts the phrase "total amount financed" rather than simply "amount financed." She relies on 12 C.F.R. § 226.6(a), which provides that "[t]he disclosures required to be given by this part shall be made . . in the terminology prescribed in applicable sections," and 12 C.F.R. § 226.8(c)(7), which includes exclusively the language "amount financed." The Court agrees with the general rule that creditors must turn "square corners" in this area and will be held to a strict standard of compliance in order to effectuate the broad remedial purposes of

the Act. In particular, creditors must not be allowed to decide for themselves what language is sufficient to satisfy the requirements of the law. However, in this case, the wording "total amount to be financed" appears expressly in the statute, 15 U.S.C. § 1638(a)(5), and therefore defendant is entitled to use those words or, equivalently, "total amount financed." It is true that 15 U.S.C. § 1632(a) allows the regulations of the Board to "permit the use of terminology different from that employed in this part . . . if it conveys substantially the same meaning," but by its express terms this section does not grant authority to preclude the use of statutory language by requiring a different form of words to be written into consumer credit contracts. Rather, this provision enables the Board to permit the use of some variant phrasings, but even here Congress' wording remains the benchmark and the Board's choice must convey "substantially the same meaning" as the language contained in the Act. Finally, even if defendant is considered to have deviated from the required terminology, its addition of the word "total" would be permitted under 12 C.F.R. § 226.6(c):

> At the creditor's option, additional information or explanations may be supplied with any disclosure required by this part, but none shall be stated, utilized, or placed so as to mislead or confuse the customer or contradict, obscure, or detract attention from the information required by this part to be disclosed. . .
> (Emphasis added.)

*See also* 15 U.S.C. § 1632(b). For a defendant to fall outside the protection of this section it is not necessary for a plaintiff to demonstrate actual confusion or contradiction in the individual case. However, in the instant situation there is no possibility that the use of the word "total" in conjunction with "amount financed" would in any way undercut or interfere with the disclosures required by the Act, and therefore defendant's description of the disclosed amount is within this provision and not violative of the law. *See Bussey v. Georgia BankAmericard*, 516 F.2d 452 (5th Cir. 1975). This

resolution of the issues makes it unnecessary for the Court to consider the question of the availability under these circumstances of any statutory defense, 15 U.S.C. § 1640(c, f).

■ Plaintiff's next contention is that defendant violated the Act by failing to describe separately each amount included in the "finance charge" as required by 12 C.F.R. § 226.8(c)(8)(i). It appears to be undisputed in this case that only a single item was contained in the finance charge, consisting of a time-price differential. Defendant argues that in these circumstances a finance charge composed of but one item can be disclosed simply under the designation "finance charge" and need not be further identified or itemized. In light of the broad remedial purposes of the Act, the Court must reject the defendant's position. As the United States Court of Appeals for the Second Circuit recently explained in *Ives v. W. T. Grant Co.*, 522 F.2d 749, 761 (2d Cir. 1975):

> But the question arises, what was that single element? . . . There is no way a consumer can tell if the finance charge includes any or all of these elements [*e. g.*, interest or time-price differentials; service or transaction charges; loan fees, finders fees or points; credit report charges; and insurance charges] unless it is spelled out in the contract, and in a way that does not cause confusion. Thus, defendant violated the Truth-in-Lending law by failing to identify the single element finance charge as only a time-price differential. *See Johnson v. Associates Finance, Inc.*, supra, 369 F.Supp. [1121] at 1122 [369 F.Supp. 1121 (S.D. Ill.1974)]; *Meyers v. Clearview Dodge Sales, Inc.*, 384 F.Supp. 722, 726 (E.D.La.1974). (Footnote omitted.)

*See also Black v. G. B. Enterprises*, Civil Action No. 75–890 (D.D.C. May 3, 1976) (Flannery, J.). In the present case defendant failed to specify the nature of the single item in the finance charge and thereby violated the Act.

■ Plaintiff must also prevail on her third claim that defendant stated only the total amount financed and did not disclose and label as such the "unpaid balance" as required by 12 C.F.R. § 226.8(c)(5).[2] Defendant urges that since the unpaid balance is defined by the Regulation as the amount financed less the sum of the total prepaid finance charge and the required deposit balance, and since there was no prepaid finance charge or required deposit in plaintiff's contracts, the dollar figure for the amount financed was identical to that for the unpaid balance and therefore it was unnecessary to reveal that number twice and denominate it as both the unpaid balance and the amount financed. Courts have previously refused to accept this argument, *e. g., Ives v. W. T. Grant Co., supra; Welmaker v. W. T. Grant Co.*, 365 F.Supp. 531 (N.D.Ga.1972); *Black v. B. G. Enterprises, supra*, and this Court declines to adopt it now. The very complexity of the statement of defendant's position indicates that it has no place in this area of the law, for it presumes an unrealistic sophistication and knowledge on the part of consumers. Scrupulous adherence to the requirements of the law is necessary to protect the public and to ensure the application of consistent and uniform terminology that is a prerequisite to the informed use of credit. And contrary to defendant's assertion, it is simply immaterial whether plaintiff in fact was or was not misled, deceived or confused.

In light of the above determinations, the issue next arises whether defendant is protected by the "good faith" defense established in the Act, 15 U.S.C. § 1640(f). Defendant asserts that it relied in good faith on various interpretations issued by the Federal Reserve Board and staff and that therefore it is absolved from liability for any violations arising out of such reliance. For several reasons, the Court concludes that this matter cannot be resolved on the present record. First, plaintiff contends that defendant is foreclosed from relying on

---

**2.** Plaintiff concedes that the unpaid balance was disclosed on the July 9, 1975, contract, and therefore only the other transactions are at issue in this aspect of the case.

this defense since it was not raised in defendant's answer, *see* Fed.R.Civ.P. 8(c). Even if this contention is meritorious, however, plaintiff would prevail only if the Court also found that an amendment of the answer would be inappropriate under the liberal provisions of Fed.R.Civ.P. 15(a), and this is an issue that has not yet been considered or briefed by the parties. Moreover, the relevant section of the Act was recently amended, 90 Stat. 197, Pub.L.No. 94–222 (Feb. 27, 1976); *compare Ives v. W. T. Grant, supra,* 522 F.2d at 758, and the question of the amendment's applicability to and effect on the case at bar has also not yet been addressed by the parties. Finally, the issue of "good faith compliance" does not seem amenable here to disposition by way of motions. In this case, for example, the defendant has not at present advised the Court with the necessary specificity of all administrative rulings or pronouncements on which it allegedly relied. More importantly, the questions of whether defendant actually relied on that material and whether such reliance was in good faith raise issues of fact that cannot yet be resolved. It is doubtful that such matters, on which defendant bears the burden of proof under the Act, can ever be decided on papers, but, in any event, defendant here has not submitted any affidavits or other sworn statements to support its claim and plaintiff has not had an opportunity to take discovery in opposition. Accordingly, further proceedings are necessary on this aspect of the case.

For the foregoing reasons, the Court determines that defendant violated the Truth-in-Lending Act and Regulation Z both by failing to describe with particularity the single element comprising the finance charge and by failing to disclose and label as such the unpaid balance. The Court further holds that no violation arose from defendant's use of the phrase "total amount financed" rather than simply "amount financed." To this extent, partial summary judgment shall be and hereby is granted for plaintiff. A status conference to schedule further proceedings on the "good faith" defense under 15 U.S.C. § 1640(f) and on the amount of plaintiff's damages is set for 2:30 p. m. on June 28, 1976.

SO ORDERED.