**Kathleen M. DZADOVSKY, Appellant,**

v.

**LYONS FORD SALES, INC. and Capitol Consumer Discount Company.**

**No. 78–2064.**

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit Rule 12(6) Feb. 13, 1979.

Decided March 6, 1979.

James W. Carroll, Jr., Carol K. Knutson, Neighborhood Legal Services Ass'n, Pittsburgh, Pa., for appellant.

Donnell D. Reed, Pittsburgh, Pa., for Capitol Consumer Discount Company.

William Sloan Webber, Pittsburgh, Pa., for Lyons Ford Sales.

Robert W. Slezak, Columbus, Ohio, for appellees.

Before ALDISERT, ADAMS and HIGGINBOTHAM, Circuit Judges.

### OPINION OF THE COURT

PER CURIAM.

Appellant seeks review of a summary judgment denying her claim for statutory damages under the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.,* for numerous alleged violations of Regulation Z, 12 C.F.R. § 226.1 *et seq.,* in connection with a disclosure form setting forth the terms of a commercial loan. We affirm.

Appellant obtained an automobile loan from Capital Consumer Discount Company. After defaulting on the loan for reasons unrelated to this claim, she sought damages of $1000 plus costs and attorney's fees under the Act, 15 U.S.C. § 1640(a). Her claim alleged that five improper disclosures in the form constituted eleven separate violations of Regulation Z. The district court analyzed each of the allegedly improper disclosures, found that none violated the Act or the regulation, and granted summary judgment for the appellees.

The court stated "two distinct and independent reasons" for its decision. "First, the alleged technical deficiencies of the document bear no relationship to the achievement of the Congressional purposes of the Truth in Lending Act." *Dzadovsky v. Lyons Ford Sales, Inc.*, 452 F.Supp. 606, 611 (W.D.Pa.1978). This conclusion was based on appellant's failure to claim that she was actually deceived by the alleged inaccuracies or that they related to her inability to repay her debt. *Id.* at 607, 608.

■ We are unable to accept this rationale because it suggests the requirement of financial loss before a borrower may bring an action. It is clear, however, that such injury need not be alleged.[1] One of the legislative purposes of the Act is to enable consumers to compare various available credit terms. Any proven violation of the disclosure requirements of the Act is presumed to injure a borrower by frustrating that purpose.

■ We do not disagree, however, with the district court's second conclusion that none of appellant's "allegations of technical non-compliance . . . forms the basis of a violation of the Truth in Lending Act or its underlying regulations." *Id.* at 609. The appeal reiterates the contentions that were considered and rejected below. We find no error in the analysis of the disclo-

sures set forth in the district court's opinion. *Id.* at 609–11.

The judgment of the district court will be affirmed.

---

1. *See Gennuso v. Commercial Bank & Trust Co.*, 566 F.2d 437, 443 (3d Cir. 1977); *Grant v. Imperial Motors*, 539 F.2d 506, 510–11 (5th Cir. 1976); *Pennino v. Morris Kirschman & Co., Inc.*, 526 F.2d 367, 370 (5th Cir. 1976); *Lauletta v. Valley Buick, Inc.*, 421 F.Supp. 1036, 1040 (W.D.Pa.1976); *Lewis v. Walker-Thomas Fur-*

*niture Co., Inc.*, 416 F.Supp. 514, 516–17 (D.D.C.1976); *Powers v. Sims & Levin Realtors*, 396 F.Supp. 12, 20 (E.D.Va.1975), modified on other grounds, 542 F.2d 1216 (4th Cir. 1976); *see generally Mourning v. Family Publications Service, Inc.*, 411 U.S. 356, 93 S.Ct. 1652, 36 L.Ed.2d 318 (1973).