Michael R. GREESON, Jr., as
Trustee, Plaintiff,

v.

LEXINGTON STATE BANK, Defendant.

No. C–78–293–WS.

United States District Court,
M. D. North Carolina,
Winston–Salem Division.

Aug. 19, 1980.

Michael R. Greeson, Jr., Winston–Salem, N. C., for plaintiff.

Benjamin G. Philpott, Lexington, N. C., for defendant.

## MEMORANDUM OPINION

GORDON, Chief Judge.

This case was noticed for hearing on August 15, 1980, in the United States Courtroom, Greensboro, North Carolina. Pursuant to the notice the Court heard arguments on the parties' cross–motions for summary judgment. Having considered the briefs of the parties, all relevant material of record and the arguments of counsel at the hearing, the Court concludes that the plaintiff's motion for summary judgment should be denied and that the defendant's motion for summary judgment should be granted.

### Discussion

The complaint alleges three violations of the Truth-In-Lending Act, 15 U.S.C. § 1601, et seq. ("Act") and Regulation Z, 12 C.F.R. § 226, et seq. In Count I plaintiff claims that the defendant violated 12 C.F.R. § 226.4(a)(5)(i) by failing to disclose in a conspicuous manner on the face of the contract that life and disability insurance were not required as a condition of the loan. A copy of the contract is attached to this Opinion. The provision in question in this Count is located on the left side of the front of the contract, near the middle. The top of the provision contains one word ("IN-

SURANCE"), and it is written in capital letters. The next lines state in no uncertain terms that "Credit life insurance and/or disability insurance are not required to obtain this loan. No such insurance is provided unless maker signs the appropriate statement below."

Plaintiff argues that there is nothing on the face of the contract to attract the borrower's attention to the insurance disclosure. The Court disagrees. The word "INSURANCE" is more than sufficient to catch the eye of even the most casual reader. Plaintiff's reliance on *Smith v. Chapman*, 436 F.Supp. 58 (W.D.Tex.1977), is misplaced. The disclosure in that case was on the back of the contract, in the same size type as all the surrounding language, and it appears that there was nothing on that contract to attract the reader's attention. *See* 436 F.Supp. at 64. Nor is the holding in *Doggett v. Ritter Finance Co., Inc. of Louisa*, 528 F.2d 860 (4th Cir. 1975), dispositive of this case. The Court there approved of a similar disclosure as being in compliance with 12 C.F.R. § 226.4(a)(5)(i). 528 F.2d at 862. The fact that the disclosure in *Ritter* contained five words in capital letters, while the disclosure in this case contained only one word in capitals, does not mean that the disclosure of Lexington State Bank was defective. To the contrary, it was patently sufficient.

Another court has reached the same conclusion concerning a virtually identical disclosure statement. *See Dzadovsky v. Lyons Ford Sales, Inc.*, 452 F.Supp. 606 (W.D.Pa.), *aff'd per curiam*, 593 F.2d 538 (3rd Cir. 1979). In that case the plaintiff moved for summary judgment, claiming that an insurance disclosure statement was not conspicu-

ous because it was in the same size type as was the rest of the document. The disclosure was of the same type size, just as is the type in this case, but the words appeared directly under the word "INSURANCE," just as in the present case. The court also noted that the disclosure was separated from the preceding and following lines by unusually large spaces. Although the distance between the disclosure and other items in this case may not be "unusually large," the separating spaces are large enough to add to the conspicuous nature of the disclosure. For these reasons, then, the Court concludes that the plaintiff's motion for summary judgment should be denied and the defendant's motion granted as to Count I.[1] *See also Reed v. Washington Trailer Sales, Inc.*, 393 F.Supp. 886 (M.D. Tenn.1974).

■ Count II is based on an alleged violation of 12 C.F.R. § 226.6(a). Plaintiff claims that the phrase "with interest after maturity at the maximum lawful rate" is not clear and easily understood by the average consumer.[2] According to the plaintiff, the form should have stated the actual rate of interest allowed under North Carolina law. He cites *Smith v. Chapman, supra,* for this proposition, and the Court there did so hold. 436 F.Supp. at 63. With much respect, this Court declines to follow that ruling. The maximum interest allowed under the law can vary. As a result, a lender would have to either leave a blank space in its forms to accommodate changes in the statutory maximum, or change forms each time the legislature amended the operative statute. There is nothing unclear about the phrase plaintiff challenges; it plainly states that the lender will charge as much interest

---

1. The Court is mindful that it should grant summary judgment sparingly, and only when it is clear that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law. The Court also notes that the Court in *Dzadovsky* not only denied the plaintiff's motion for summary judgment, it *sua sponte* granted summary judgment for the defendant.

   The Court finds it unnecessary to decide whether the U.C.C.'s definition of "conspicuous" applies to this case. *Cf. Smith v. Chap-*

*man*, 436 F.Supp. 58, 64–65 (W.D.Tex.1977). Assuming without deciding that N.C.G.S. § 25–1-201(10) does apply, it is clear that the disclosure in this case is "conspicuous" under that section: "Language in the body of a form is 'conspicuous' if it is in *larger* or other contrasting type or color." (Emphasis added.)

2. This phrase appears near the top of the contract, just after the amount of the loan is stated for the first time.

as is lawful. It may not tell the borrower what the current maximum is, but that does not, by any stretch of the imagination, make the phrase unclear.[3] Summary judgment for the defendant on this claim also is proper.

Count III is dependent on the Court's ruling on Count I, and the plaintiff concedes as much. The violation alleged in the third Count concerns Section 1606(a)(1) of the Act and 12 C.F.R. § 226.5. Plaintiff argues that since the defendant failed to make the insurance disclosure in a conspicuous manner, the insurance premiums should have been included in the finance charge. Since they were not so included, plaintiff contends that the annual percentage rate was not disclosed accurately, a violation of § 1606(a)(1) and § 226.5. Due to the fact that the Court has concluded the insurance disclosure was made in a conspicuous manner, Count III must be resolved in defendant's favor.

*Summary*

For the foregoing reasons the Court concludes that the plaintiff's motion for summary judgment should be denied and that the defendant's motion for summary judgment should be granted. A judgment consistent with this Opinion will issue forthwith.

---

NOTE — SECURITY AGREEMENT — DISCLOSURE STATEMENT

LEXINGTON, NORTH CAROLINA. ....September 15,...... 19...77                                      $..897.84...........

FOR VALUE RECEIVED, the undersigned maker(s) jointly and severally (if more than one), promise to pay to the order of

..................................... ............................ LEXINGTON STATE BANK at its main office in the City of Lexington, North Carolina, the sum of Eight Hundred Ninety Seven Dollars & 84/100 – – – – – – – – – – – – – ($ 897.84 ............)

Dollars with interest after maturity at the maximum lawful rate until paid, payable·

☐ ...... ........... .............days after date

xx☒ In...... .12........... consecutive equal monthly installments of $..74.82........ . commencing on ..........10-15........... , 19..77.,

and a final installment of $.............. ........... ....; or a balloon payment of $.......... ...... ....... .. which will not be refinanced, if not paid when due, except bank at its option may refinance at the then current terms and conditions. A delinquency charge will be made in the amount of five per cent (5%) of each installment in default for ten (10) or more days. Further, in the event of default, all makers, endorsers, and sureties agree to pay all costs and expenses of collection, including the reasonable attorneys' fees incurred by Lexington State Bank, if an attorney is employed, and the parties stipulate and agree that fifteen per cent (15%) of the unpaid principal and interest due at such time or the maximum rate permitted by law, if greater, shall be deemed reasonable attorneys' fees.

If any installment or the entire unpaid outstanding balance due and payable hereunder is in default for ten (10) or more days, or if the payment and maturity of the entire unpaid outstanding balance hereunder shall be accelerated by reason of the occurrence of any of the Events of Default as hereinafter defined, Lexington State Bank is herewith expressly authorized to exercise its right of setoff or bank lien as to any moneys deposited in demand, checking, time savings, or other accounts of whatsoever kind, including certificates of deposit maintained in and with it by any maker, endorser, guarantor, or surety without advance notice; and a lien and security interest in and to all such funds now or at any future time so deposited is hereby granted Lexington State Bank.

Any unpaid balance may be paid at any time without penalty; and if this note is paid in full by cash, a new loan, refinancing, or otherwise before the final due date, a rebate of any precomputed interest shall be given, as follows: (1) installment loans computed under Rule of 78, except that no refund of less than One Dollar ($1.00) will be made and a service charge of Five Dollars ($5.00) will be

assessed to cover cost of handling such prepayment. (2) Single payment loan—no refunds will be made unless specified here. ....................

..... . .. . .. . ..... . .. ..... ......... ... . .. ................ ........ ................ .. ........................ . .. ......... ....... ............... .... ............ .. ..... .................................. ...

The undersigned hereby pledges, assigns, conveys, transfers, grants a security interest in, and delivers to Lexington State Bank the following property, together with the proceeds thereof and any additions and accessions thereto and substitutions therefor hereinafter called collateral to secure the performance of this obligation and all other direct, contingent, present, and future obligations to it of the undersigned (and/or each of them, if more than one):

---

3. A consumer who knows that she/he will be charged a given rate of interest does not necessarily know everything she/he may desire to know. Such information will not automatically inform the consumer of the total amount of interest to be paid, and that total may be much more important to the customer than the rate of interest.

Courts look to the purpose of the statute and regulations in deciding cases under the Act. *See Reed v. Washington Trailer Sales, Inc.*, 393 F.Supp. 886, 889 (M.D.Tenn.1974). 12 C.F.R. § 226.1(a)(2) states, *inter alia*, that the purpose of the Act is "to assure that every customer who has need for consumer credit is given *meaningful* information with respect to the cost of that credit" and to allow the customer to "compare the various credit terms available to him from different sources and avoid the *uninformed* use of credit." (Emphasis added.) A person who knows that the highest rate of interest under the law will be charged has most certainly been given meaningful information; such a person can hardly claim to have used credit in an uninformed manner.

**304**

THIS INSTRUMENT IS SUBJECT TO THE ADDITIONAL PROVISIONS, TERMS, UNDERTAKINGS, AND RIGHTS SET FORTH ON THE REVERSE SIDE HEREOF, THE SAME BEING INCORPORATED HEREIN BY REFERENCE.

INSURANCE

Credit life insurance and/or disability insurance are not required to obtain this loan. No such insurance is provided unless maker signs the appropriate statement below.

I desire credit life insurance only at the cost set forth in Item 2 for the term of the loan.

.............. . ... ...... ............................... .. ............. ........
Date      Signature of Insured

I desire credit life and disability insurance at the cost set forth in Items 2 and 3 for the term of the loan.

9-15-77    *Robert L. Sweet*
Date      Signature of Insured

Physical damage insurance, if written in connection with this transaction, may be obtained through any duly licensed insurance agent; subject only to Banks right to refuse to accept any insurance for reasonable cause. If such insurance premium is financed as part of this loan, the cost will be set forth in Item 5.

1. Net Proceeds ............................. $ 800.00
2. Premium credit life insurance .............. $ 7.18
3. Premium disability insurance ............... $ 21.73
4. Filing and related fees ................... $ ...............
5. Physical damage insurance ................. $ ...............
6. Other ........... .... ....................... $ ...............
    . ....... ......... ............................ $ ...............
7. Amount financed .......................... $ 828.91
8. **Prepaid FINANCE CHARGES** .......... $ ...............
9. **FINANCE CHARGE** ................... $ 68.93
10. Total of Payments ....................... $ 897.84
     **ANNUAL PERCENTAGE RATE** ...... 15.00 %

WITNESS the hand(s) and seal(s) of the undersigned, this instrument have been executed and delivered on the date first above written. The undersigned further herewith acknowledge receipt of the disclosures herein contained and a copy of this instrument, and further acknowledge that at the time they received the copy of same it was complete and filled in and all blanks in said form were filled in prior to their executing it.

Due _____ m-2473 _____ *Robert L. Sweet* _____ (SEAL)

Address: 4015 Marie Dr.,Winston-Salem,N.C.    *Shirley A Sweet* _____ (SEAL)

     15    Age:28    27107         _____ (SEAL)

                     5 0422657      _____ (SEAL)