BETTY J. ADDISON, PLAINTIFF v. SIDNEY BRITT, INDIVIDUALLY AND (D/B/A BLADEN MOTOR SALES) DEFENDANT

No. 8612DC624

(Filed 25 November 1986)

**Consumer Credit § 1— Truth in Lending— no annual percentage rate—no recovery—erroneous**

    The trial court erred in a Truth in Lending action by finding that defendant had disclosed all of the information required by the Truth in Lending Act and concluding that plaintiff should have no recovery where several of the required terms did not appear on the sales contract; there was no evidence in the record to indicate defendant's compliance with those provisions; other documents which defendant contended were involved were not produced at trial and there was no testimony that they met the disclosure requirements; defendant admitted his failure to meet the statutory regulations; and defendant failed to express the finance charge as an annual percentage rate. Although the trial court believed it was inequitable for plaintiff to recover an award having suffered no actual damages, the award of damages under section 1640 of the Act is not discretionary.

APPEAL by plaintiff from *Cherry, Judge.* Judgment entered 10 March 1986 in District Court, CUMBERLAND County. Heard in the Court of Appeals 18 November 1986.

This is an action for statutory damages under the Truth in Lending Act, 15 U.S.C. Section 1601 *et seq.* (1982) (Act) and Regulation Z, 12 C.F.R. Part 226 (1986). Plaintiff had purchased a used

car from defendant. The sale was evidenced by a credit install-ment sales contract. Because of problems with the car, defendant allowed plaintiff to exchange it for another model, and the con-tract was changed accordingly. Plaintiff made only the first of the fourteen scheduled monthly payments. Accordingly, defendant repossessed the car eight months later. Shortly thereafter, plain-tiff brought this action.

At trial, only plaintiff presented evidence. That evidence showed that the sales contract had failed to properly disclose, among other things, the amount financed, the annual percentage rate, the sum of the amount financed and the finance charge as the total of payments, and the fact that defendant was taking a security interest in the car. The evidence also showed that de-fendant had failed to comply with two provisions of Chapter 25A of the North Carolina General Statutes.

The trial court concluded that while the sales contract did not contain the exact statutory langauge required, it did contain all of the required information. The court concluded that plaintiff understood the terms of the contract. Because the plaintiff sus-tained no damage from defendant's violations, the court concluded that plaintiff should have no recovery. Plaintiff appeals.

*Lumbee River Legal Services, Inc., by T. Diane Phillips, for the plaintiff-appellant.*

*Downing, David & Maxwell, by Harold D. Downing, for the defendant-appellee.*

EAGLES, Judge.

Plaintiff argues that the trial court erred in finding that de-fendant disclosed all of the required information and that the court should have awarded her the statutory damages irrespec-tive of the fact that she suffered no actual damages. Based on the controlling legislation, we agree and reverse the judgment of the trial court.

The trial court's finding that defendant had disclosed all of the information required by the Truth in Lending Act is unsup-ported by any competent evidence. Several of the terms which 15 U.S.C. Section 1638 (1982) states that the creditor "shall" disclose to the debtor simply do not appear on the sales contract. More-

over, there is no evidence in the record to indicate defendant's compliance with those provisions. Defendant contends that other documents were involved in the transaction. Those documents, however, were not produced at trial and there is no testimony that they met the disclosure requirements. In fact, defendant has admitted his failure to meet the applicable statutory requirements. Further, the trial court found that, at least technically, the disclosures were inadequate.

The crux of defendant's argument is that, in substance, he disclosed the relevant credit information and that the violations were merely "technical." Section 1640(a)(2) allows a debtor to recover statutory damages, in addition to any actual damages, from a creditor who fails to comply with certain requirements of section 1638. Whether liability attaches to creditors for technical or minor violations of the Act is subject to some dispute among the various jurisdictions. *See Dixey v. Idaho First Nat. Bank,* 677 F. 2d 749, 751-52 (9th Cir. 1982). We need not decide the question of whether "technical" violations of the actionable provisions of section 1638 give rise to creditor liability since, in any event, the particular violation we address here is not technical in nature.

In fact, defendant's failure to express the finance charge as an "annual percentage rate" in the sales contract is one of the most material violations that a creditor can commit. Disclosure of the "annual percentage rate" is required by section 1638(a)(4) and its omission is one of the violations for which a debtor may recover statutory damages under section 1640(a). The importance of the "annual percentage rate" disclosure requirement is under-lined by Regulation Z, 12 C.F.R. Section 226.5(a)(2) (1986), which requires that the term be printed more conspicuously on the document than the other required terminology. Moreover, this requirement has been characterized as one of the most important disclosures required by the Act. *See Krenisky v. Rollins Protective Services Co.,* 728 F. 2d 64 (2nd Cir. 1984) and *Dixey v. Idaho First Nat. Bank, supra.* Consequently, the "annual percentage rate" requirement has been strictly construed.. *See also Shroder v. Suburban Coastal Corp.,* 729 F. 2d 1371 (11th Cir. 1984); *Nash v. First Financial Sav. & Loan Ass'n.,* 703 F. 2d 233 (7th Cir. 1983). Certainly, defendant's failure to disclose the term at all constitutes a clear violation of the Act. Since this disposes of the issue of defendant's liability to the plaintiff under section 1640,

we need not address the issue of whether the defendant would be liable for statutory damages for his other violations.

Once a violation of an actionable portion of the Act is established, the debtor is entitled to recover statutory damages. In the case of an individual, section 1640(a)(2)(A)(i) awards the debtor damages equal to twice the amount of the finance charge up to a maximum of $1,000. Because the purpose of that section is to encourage private enforcement of the Act, proof of actual damages is unnecessary. *Lowery v. Finance America Corp.*, 32 N.C. App. 174, 231 S.E. 2d 904 (1977). There is no requirement that the debtors have been misled or deceived in any way. *Brown v. Marquette Sav. & Loan Ass'n.*, 686 F. 2d 608 (7th Cir. 1982); *Smith v. Chapman*, 614 F. 2d 968 (5th Cir. 1980). The statutorily prescribed damages flow to the debtor as a matter of right. *Grant v. Imperial Motors*, 539 F. 2d 506 (5th Cir. 1976). In addition, section 1640(3) provides that a debtor who brings a successful action is also entitled to recover the costs of the action and reasonable attorneys fees.

The record indicates that the trial court believed that it was inequitable for plaintiff, having suffered no actual damages, to recover an award. As we have already noted, the award of damages pursuant to section 1640 is not discretionary, even when based on the trial court's assessment of the equities. *Williams v. Public Finance Corp.*, 598 F. 2d 349 (5th Cir. 1979). Defendant, relying on dicta to the contrary in *Dzadovsky v. Lyons Ford Sales, Inc.*, 452 F. Supp. 606 (W.D. Pa. 1978), *affirmed*, 593 F. 2d 538 (3rd Cir. 1979), argues that the trial judge correctly applied equitable principles. The language used by the court in *Dzadovsky*, however, was specifically repudiated upon affirmance by the Third Circuit United States Court of Appeals and runs contrary with what we have already stated the law to be.

Accordingly, plaintiff is entitled to recover damages equal to twice the finance charge of $219 plus costs and reasonable attorneys fees. Plaintiff has not argued for, nor do we see the applicability of, a remedy for defendant's violations of Chapter 25A of the North Carolina General Statutes. Consequently, on this record she is not entitled to an additional award for those violations.

Reversed and remanded.

Judges WEBB and PARKER concur.