WADESBORO RAINBOW FARM SUPPLY, INC. v. FRANK LOOKABILL

No. 8720DC53

(Filed 7 July 1987)

**Consumer Credit § 1— agricultural supplies charged to open-end account— applicability of Truth in Lending Act**

    The Truth in Lending Act applied to an open-end credit transaction between the parties which allowed defendant to purchase agricultural supplies on credit, since the regulation which applied at the time of the transaction allowed the creditor to give the federally required disclosures or the disclosures required by state law, but not to give no disclosures, as contended by plaintiff.

APPEAL by plaintiff from *Beale, Judge.* Judgment entered 4 November 1986 in District Court, ANSON County. Heard in the Court of Appeals 9 June 1987.

Plaintiff Wadesboro Rainbow Farm Supply, Inc. instituted this action on 6 May 1985 to recover $5,992.39 allegedly owed by defendant on an open-end credit account. The sum sought represented a principal amount of $3,656.01, plus $2,336.38 in interest charged at an eighteen percent annual rate.

Defendant Frank Lookabill answered, asserting that plaintiff had violated the federal Truth in Lending Act, 15 U.S.C. § 1601, *et seq.* (1982), and regulations promulgated thereunder, in particular "Regulation Z," 12 C.F.R. § 226 (1981). Defendant sought dismissal of the plaintiff's action, plus the statutory penalty for violation of the Act and attorney's fees as provided for in 15 U.S.C. § 1640 (1982).

Both parties filed motions for summary judgment with accompanying affidavits. After hearing, the trial court ruled that plaintiff had violated the Truth in Lending Act. The court entered judgment requiring defendant to pay plaintiff the principal amount of the debt only, offset by the maximum statutory penalty of $1,000. Further, the court ordered that plaintiff pay the costs of the action plus a $1,000 attorney's fee to defendant. Plaintiff appeals.

*Dawkins and Lee, P.A., by W. David Lee, for plaintiff-appellant.*

*Henry T. Drake for defendant-appellee.*

PARKER, Judge.

The only question presented by this appeal is whether the transaction involved herein was subject to the Truth in Lending Act. Plaintiff contends on this appeal that the Truth in Lending Act did not apply to the transaction in this case and, thus, the district court erred in entering summary judgment for defendant. We disagree.

There is no conflict as to any fact relevant to a determination of this case. The undisputed facts are that plaintiff and defendant entered into an open-end credit transaction in March of 1982. The purpose of this transaction was to allow defendant to purchase agricultural supplies on credit. There was no written or oral agreement entered into at the time concerning interest payable on the unpaid balance of the account. The account had a principal balance of $3,656.01. Plaintiff began billing defendant in June 1984 and on the invoice was the language, "Terms: Net 30 days, Finance Charge: 1½% per month (Annual rate of 18%) will be added to past due balance." Plaintiff sent defendant monthly invoices for seven months, June through December 1984, while receiving one payment of $250 from defendant.

The undisputed facts show that if the Act did cover this transaction, plaintiff failed to comply with its requirements for disclosure of the terms for charging interest and the statutory penalty and attorney's fee were justified. *See* 15 U.S.C. §§ 1640(a)(2), (3) (1982). *See also Addison v. Britt*, 83 N.C. App. 418, 350 S.E. 2d 158 (1986). For an open-end credit plan, such as the transaction involved here, the Truth in Lending Act requires that, before an account is opened, the creditor must disclose to the recipient of the credit the terms under which the credit is being extended. These "material disclosures" as they are defined by the Act include, among other things, the method of determining the amount of any finance charges and the periodic interest rates used in making that determination, and the method of determining the balance upon which a finance charge will be imposed. 15 U.S.C. § 1637(a) (1982).

As the Truth in Lending Act read in March of 1982, the date of the transaction in this case, extensions of credit for agricultural purposes under $25,000, like the one involved here, were covered by the Act. Agricultural credit extensions in excess of

$25,000 were exempt. The Act had been amended in March of 1980 to exempt all extensions of credit for agricultural purposes from the Act, but that amendment was not to take effect until October 1982. The Board of Governors of the Federal Reserve Board was authorized to:

> . . . prescribe regulations to carry out the purposes of this subchapter. These regulations may contain such classifications, differentiations, or other provisions, and may provide for such adjustments and exceptions for any class of transactions, as in the judgment of the Board are necessary or proper to effectuate the purposes of this subchapter, to prevent circumvention or evasion thereof, or to facilitate compliance therewith.

15 U.S.C. § 1604(a) (1982).

After Congress amended the Truth in Lending Act in 1980 to exempt all credit extensions for agricultural purposes from the Act's coverage, effective in October 1982, concerns arose over the possible confusion resulting from the change. When the Truth in Lending Act was enacted in 1968, it preempted all existing state laws regulating consumer credit transactions, including those regulating agricultural credit transactions for less than $25,000. Then, when the amendment exempting all agricultural credit transactions from the Act's coverage went into effect in October 1982, those state laws regulating agricultural transactions were no longer preempted. To accommodate those creditors who had been complying with the Truth in Lending Act since 1968 and who needed a transition period before complying with state laws, the Board of Governors, pursuant to its statutory authority, adopted the following regulation:

> 226.3. *Exempted Transactions.* . . . (e) *Agricultural credit transactions.* Credit transactions primarily for agricultural purposes, including real property transactions, in which the amount financed exceeds $25,000.00 . . .; and, *at the creditor's option,* any credit transaction primarily for agricultural purposes in which the amount financed does not exceed $25,000.00.

12 C.F.R. § 226.3(e) (1981) (emphasis added). The regulation was effective from 21 May 1980 until it was amended on 1 October

1982 to exempt all agricultural credit transactions. The regulation was intended to "facilitate compliance" with the Act by providing creditors with the option of continuing to provide the disclosures required by federal law or to immediately begin providing the disclosures required by applicable state laws.

Plaintiff contends that this regulation, in effect at the time of the transaction involved in this case, enabled plaintiff to exempt the credit transaction between plaintiff and defendant from coverage under the Truth in Lending Act at its option. This interpretation urged by plaintiff conflicts with the interpretation given the regulation by the Board of Governors of the Federal Reserve Board, the agency which promulgated the regulation.

When the amended regulation was first proposed, it was published in the Federal Register accompanied by the agency's explanation of the regulation. That explanation was:

> The Board recognizes that an immediate mandatory exemption of agricultural credit might create problems for some creditors. Certain state statutes may require disclosures for agricultural credit that are inconsistent with those currently mandated by Regulation Z. Those inconsistent state laws have been preempted by federal Truth in Lending laws to the extent of their inconsistency. Once agricultural credit is exempted from federal Truth in Lending law, those state laws will again apply. Unless creditors subject to those laws are given an adequate opportunity to prepare to comply with them, the creditors would have to either temporarily suspend all agricultural lending that was previously exempt from the state laws or be in noncompliance with state laws. On the other hand, creditors not affected by such state laws would be required to continue to comply with Regulation Z during any delay in implementing the exemption.

> Therefore, the amendment to § 226.3 of Regulation Z gives creditors two options: (1) Cease making federal Truth in Lending disclosures for agricultural credit and comply with any previously preempted state laws; or (2) continue providing federal Truth in Lending disclosures and disregard any inconsistent state law. This election accommodates all creditors extending agricultural credit and comports with the

intent of the simplification act to allow creditors two years to conform their practices to the new act.

45 Fed. Reg. 33,599 (1980). The interpretation by the Board of Governors of its own regulation is entitled to great weight unless it is clearly erroneous or inconsistent with the statute. *Bingler v. Johnson*, 394 U.S. 741, 89 S.Ct. 1439, 22 L.Ed. 2d 695 (1969).

The explanation makes clear that the "option" available to the creditor was to give the federally-required disclosures *or* the disclosures required by state law. There was not an option to give no disclosures, as plaintiff would have us hold. Further, in our view, the regulation as interpreted by plaintiff would have been outside the authority of the Board of Governors to enact. Congress had specifically stated in the Truth in Lending Act, as it read until 1 October 1982, that credit transactions for agricultural purposes under $25,000 were subject to the Act's requirements. 15 U.S.C. § 1603(5) (1974). A regulation which made compliance with the Act completely optional at the whim of the creditor for agricultural credit extensions under $25,000 would be contrary to the express language of the statute and, thus, void. *See Zuber v. Allen*, 396 U.S. 168, 90 S.Ct. 314, 24 L.Ed. 2d 345 (1969).

We conclude, therefore, that the district court properly applied the Truth in Lending Act to the transaction involved here. The statutory penalty was justified and was, in fact, mandatory once a violation of the Act was found. *Addison v. Britt, supra.* The award of attorney's fees was also proper. The judgment of the district court is

Affirmed.

Judges ARNOLD and JOHNSON concur.