■ Ozelle Vickers, Individually and on Behalf of All Others Similarly

Situated, et al., Respondents, v HOME FEDERAL SAVINGS & LOAN ASSOCIATION OF EAST ROCHESTER, Appellant.—Order unanimously modified in accordance with memorandum and, as modified, affirmed, without costs. Memorandum: The question presented on this appeal is whether Special Term properly permitted plaintiffs, Ozelle and Lucretia Vickers on behalf of themselves and all others similarly situated, to amend the class certification which had certified a class action for recovery of the statutory penalty imposed for violations of the Truth in Lending Act (US Code, tit 15, § 1640, subd [a]) *(Vickers v Home Fed. Sav. & Loan Assn. of East Rochester,* 56 AD2d 62, modfg 87 Misc 2d 880) to include an additional claim, as contained in a second amended complaint, for actual damages. The sole change made in the second amended complaint, from the complaint upon which the prior class certification was made, is the addition of claims for actual damages on behalf of the class members. The membership of the class remains the same and the alleged disclosure violations by defendant, Home Federal Savings and Loan Association of East Rochester, are unchanged. A plaintiff claiming actual damages must establish a causal connection between the inaccurate disclosure and his injury by demonstrating that he relied on the inaccurate disclosure and thereby was effectively prevented from obtaining better credit terms elsewhere (see *McCoy v Salem Mtge. Co.,* 74 FRD 8, 12; *Ratner v Chemical Bank N. Y. Trust Co.,* 54 FRD 412, 413). Therefore, each member of the class would have to present highly individualized proof to establish the existence and extent of his actual damage. The prerequisite that common questions predominate over any questions affecting individual members (CPLR 901, subd a, par 2) does not require that the common questions must be dispositive of the entire litigation. The mere fact that proof of actual damages may differ among individual members of the class is insufficient standing alone to defeat certification of an otherwise appropriate class *(Samuel v University of Pittsburgh,* 538 F2d 991, 995; *Green v Wolf Corp.,* 406 F2d 291, cert den 395 US 977; *Chevalier v Baird Sav. Assn.,* 72 FRD 140, 153; *Kaminski v Shawmut Credit Union,* 416 F Supp 1119, 1123). Where actual damages may easily be computed the class should be certified (see *Samuel v University of Pittsburgh, supra,* pp 995-996; *Kaminski v Shawmott Credit Union, supra,* p 1123). Nevertheless, "when the common-individual scale is considered, the existence of individual damage issues must be weighed" *(Chevalier v Baird Sav. Assn., supra,* p 153, n 40). Although the damage issue presents a close question, on balance, we find that the recoverable actual damages of each individual member requires individualized proof of reliance and actual injury to so great an extent as to be not amenable to easy calculation and, therefore, precludes the conclusion that common questions predominate as to the recovery of actual damages. This preclusion of the recovery of actual damages does not destroy the usefulness of the class action device as long as judicial economy may be served by trying common questions in one action. We deem it to be better practice to follow the procedure in *McCoy v Salem Mtge. Co.* (74 FRD 8, 13, 14) which, on similar facts, decided that "While it would certainly be possible to allow the claim for actual damages and appoint a master when the proceedings reach that stage, the Court prefers to certify the class for liability only. The determination of liability would then be res judicata in any action the class members decide to bring individually on the issue of actual damages." Many of the common questions of the class are already adequately being presented by the class previously certified for recovery of statutory damages. There are, however, additional common questions raised by the second amended complaint seeking actual damages. Because of the

highly individualized nature of proof required, recovery for actual damages should not be awarded in this class action. Nevertheless, the common questions raised by the second amended complaint should be decided. These questions, common to the members of the class, include, but are not limited to, whether the plaintiffs can recover actual damages for an understated annual percentage rate, whether they can recover damages for understated additional fees and, if so, the proper method to calculate these amounts. Finally, the notice of class action and "Exclusion Request" attached to the order appealed from should be modified in accordance with this memorandum. (Appeal from order of Monroe Supreme Court—class action, certification.) Present—Cardamone, J. P., Dillon, Hancock, Jr., Denman and Witmer, JJ.