■ JAMES CARTER, on Behalf of Himself and All Others Similarly Situated, Appellant, v FRITO-LAY, INC., Respondent.—Order, Supreme Court, New York County, entered May 24, 1979, denying plaintiff's motion for class action certification, unanimously affirmed, without costs and without disbursements. Plaintiff commenced a class action to recover compensatory liquidated damages on a wage claim pursuant to subdivision 1-a of section 198 of the Labor Law. Plaintiff was a route delivery salesman for defendant, employed on a salary and commission basis. Defendant has a complicated wage system for such salesmen whereby each is responsible for collecting third-party checks, and each is responsible for all bad checks. Any shortage remaining after a recoupment effort by a salesman is deducted from that salesman's wages. Plaintiff claims he was wrongfully discharged when he was unable to make up shortages. He seeks, inter alia, recovery of those amounts deemed shortages and liquidated damages of 25% of the total amount found to be due him as allowed by subdivision 1-a of section 198 of the Labor Law. In moving for class certification, plaintiff claims defendant's practice constituted charges against wages prohibited under section 193 of the Labor Law. We agree with that portion of the decision at Special Term which denied certification on the authority of CPLR 901 (subd b). At this time, we do not pass on the merits with respect to any other reasons given for denying class action status. CPLR 901 (subd b) disallows a class action when the statute under which the action is brought imposes a penalty. This is so unless that particular statute specifically authorizes recovery in a class action. In this case, the statute relied on (Labor Law, § 198, subd 1-a) provides for liquidated damages and does not contain the necessary clause allowing these damages to be recovered in a class action. It does provide, however, that the Industrial Commissioner may bring such action on behalf of affected employees and, also, that an individual employee is entitled to reasonable attorney's fees if he or she prevails. Plaintiff contends that the provision for liquidated damages is not a penalty but additional compensation. We do not find this contention convincing in light of the application of

this provision being expressly conditioned on a finding of willful conduct on the part of the employer. The Governor's message accompanying this legislation pointedly refers to liquidated damages as a "stronger sanction against an employer for willful failure to pay wages [and] should result in greater compliance with the law." (NY Legis Ann, 1967, p 184.) It is clear that liquidated damages as provided in this statute, and especially as viewed in this context, constitute a penalty. Nor can this statute be read as authorizing a class action to recover a penalty. CPLR 901 (subd b) requires express language to that effect, which is here lacking. In addition to this deficiency, we note that the specific provision for action by the Industrial Commissioner upon assignment of claims by any number of employees (Labor Law, § 196, subd 1, par b; § 198, subd 1-a), and for reasonable attorney's fees for employees (Labor Law, § 198, subd 1-a) militates against such an interpretation. Concur—Kupferman, J. P., Sandler, Sullivan, Silverman and Carro, JJ.