OPINION OF THE COURT
Arnold Guy Fraiman, J.
This is a motion pursuant to CPLR 902 to certify this action as a class action. The named plaintiffs are 29 former nonunion employees of defendant Helena Rubinstein, Inc. (Rubinstein), whose employment with Rubinstein was terminated on or after July 2,1980. On that date Rubinstein, which was apparently a wholly owned subsidiary of Colgate Palmolive Company, was sold by Colgate Palmolive to Albi Enterprises, Inc. The gravamen of plaintiffs’ complaint is that Rubinstein breached the terms and conditions of its employment contract with plaintiffs and the members of the proposed class by paying them severance pay at the rate of two days’ salary for each year of employment rather than paying them one week’s salary for each year. The complaint contains six causes of action. The first three causes of action against defendant Rubinstein allege breach of contract, promissory estoppel and violation of *936 sections 198-c and 198 of the New York Labor Law. The remaining three causes of action are against Colgate Palmolive, Albi, and the principal stockholders of Albi, and seek to hold them liable for Rubinstein’s alleged failure to make the required severance payments. Class action status is sought on behalf of all nonunion salaried employees of Rubinstein whose employment was terminated on or subsequent to July 2, 1980 and who did not receive severance pay at the rate of one week’s salary for each full year of employment.
With respect to plaintiffs’ claim under the provisions of the Labor Law, section 198-c provides that any employer who is party to an agreement to pay or provide benefits or wage supplements to employees and fails to make such payments shall be guilty of a misdemeanor. Violation of this section also gives rise to a civil action for damages. (Excavators Union Local 731 Welfare Fund v Zurmuhlen, 68 AD2d 816.) Subdivision 1-a óf section 198 of the Labor Law provides for the recovery of liquidated damages equal to 25% of the total amount of the wages found to be due where there has been a violation of the Labor Law and it is determined that defendant employer’s acts were willful.
CPLR 901 (subd b) provides that an action to recover a penalty may not be maintained as a class action. It has recently been held that the provision in section 198 for liquidated damages constitutes a penalty. (Carter v Frito-Lay, 74 AD2d 550.) In view of this determination, plaintiffs seek to sever their claim for liquidated damages under the Labor Law and request class certification only with respect to their common-law theories of recovery. They contend that the class action could go forward on the common-law theories without prejudice to members of the class subsequently pursuing in their individual capacities their claims for statutory penalties under the Labor Law. However, the issue of whether Rubinstein has failed to pay terminated employees severance pay at the rate required by the terms and conditions of their employment may not be split into two separate actions, one to recover compensatory damages and the other to recover statutory penalties. When a plaintiff brings an action for only part of his cause of action, the judgment obtained precludes him from *937 .bringing a second action for the remainder of the claim. (See 5 Weinstein-Korn-Miller, NY Civ Prac, par 5011.15; Pakas v Hollingshead, 184 NY 211; Stoner v Culligan, Inc., 32 AD2d 170.)
The prohibition against splitting a single cause of action is a facet of the doctrine of res judicata. For the purposes of applying the doctrine of res judicata, differences in legal theory and consequent remedy do not create a separate cause of action where the same foundation facts serve as the basis for each proceeding and the requisite elements of proof do not vary materially. (Matter of Reilly v Reid, 45 NY2d 24, 30.) In this connection, where there is a single obligation alleged to be violated, a plaintiff may not split his cause of action to obtain damages in an independent action that could have been asserted as part of the claim in the original suit. (See Century Factors v New Plan Realty Corp., 41 NY2d 1040; Roth & Sons v National Kinney Corp., 44 NY2d 912.) Nor does the court read section 198, as urged by plaintiffs, to authorize a separate suit for the recovery of compensatory and liquidated damages. While subdivision 2 of that section provides that “[t]he remedies provided by this article may be enforced simultaneously or consecutively”, subdivision 1-a, which authorizes liquidated damages, clearly contemplates that the award of liquidated damages will be made in the same action in which the employee prevails on his claim for compensatory damages.
Thus, prosecution of plaintiffs’ common-law causes of action without asserting a claim for liquidated damages would bar a subsequent action to recover the penalty provided by section 198 of the Labor Law. Failure to assert a claim under the Labor Law in the instant action would therefore amount to a waiver of that claim. While the named plaintiffs may waive their own claim to liquidated damages, they are without authority to waive the claim for liquidated damages on behalf of the members of the class they seek to represent. By requiring that members of the class waive their claim to liquidated damages provided by statute, the class representatives cannot be considered to fairly and adequately protect the interests of the class as required by CPLR 901 (subd a, par 4). (Blumenthal v *938 American Soc. of Travel Agents, NYLJ, July 8, 1977, p 5, col 1; Russo & Dubin v Allied Maintenance Corp., 95 Misc 2d 344; Ferrentino v Mobil Oil Corp., NYLJ, July 2, 1979; p 14, col 6.) Accordingly, this action may not be maintained as a class action, and the motion is denied.