OPINION OF THE COURT
Andrew V. Siracuse, J.
The defendants have submitted this joint motion to dismiss the complaint for failure to state a cause of action. The complaint, which contains seven causes of action, seeks money damages and injunctive relief for the injury sustained by plaintiff due to the malfunctioning of his automobile. Plaintiff is the owner of a 1978 gas-fueled Volkswagen Rabbit which was purchased on or about December 10, 1977 jointly with his wife. Plaintiff claims that sometime between June and December, 1979, after the vehicle had been driven approximately 27,000 miles, *290 the oil consumption began to increase. The problem was corrected sometime after January, 1980 by an amateur mechanic for about $85. The car’s oil consumption has been satisfactory since that time and has not created any other damage to the engine, as, for example, engine seizure. Plaintiff has brought this action as a class action. Since class certification has not yet been granted, this motion and decision are addressed to the sufficiency of the individual plaintiff’s pleading only.
Plaintiff’s first, second, third, fifth, sixth, and seventh causes of action are asserted pursuant to subdivision (h) of section 349 and subdivision 3 of section 350-d of the General Business Law. Both of these subdivisions were added on June 19, 1980 to create a right of action by private citizens. Prior to the amendments only the Attorney-General had the right to redress grievances under sections 349 and 350 of the General Business Law. (See General Business Law, § 349, subd [h]; § 350-d, subd 3.) Under these amendments an aggrieved individual may enjoin the unlawful act or practice and may collect his actual damages or $50, whichever is greater. The court, in its discretion, may also treble the actual damages to a maximum recovery of $1,000 if there is a finding that the defendant willfully or knowingly violated the section.*
Plaintiff sets forth individual causes of action pursuant to subdivision (h) of section 349. and section 350 of the General Business Law at the second, third, sixth and seventh causes of action. As noted, the substantive right of *291 action under which plaintiff seeks to proceed did not come into existence until June 19, 1980. It is well settled that “ ‘[statutes are not to be given retroactive effect or construed to change the status of claims fixed in accordance with earlier provisions unless the legislative purpose so to do plainly appears’ ”. (Andrello v Nationwide Mut. Fire Ins. Co., 29 AD2d 489, 492, quoting United States v Magnolia Co., 276 US 160, 162-163; Brewster v Gage, 280 US 327, 337; see, generally, 2 Sutherland, Statutory Construction [3d ed], §§ 3101, 3102; McKinney’s Cons Laws of NY, Book 1, Statutes, § 52, at p 102.) Neither statute contains language evidencing an intention to give subdivision (h) of section 349 and subdivision 3 of section 350-d of the General Business Law retroactive effect. Indeed, both amendments clearly provide that they were not effective until June 19, 1980.
These amendments did not merely expand the form of remedies but created two wholly new causes of action with greater liability. Prior to the 1980 amendment, subdivision (b) of section 349 of the General Business Law allowed the Attorney-General to obtain only “restitution of any moneys or property”. Under preamendment section 350 of the General Business Law, the Attorney-General could recover a maximum penalty of $500. (General Business Law, § 350-c.) The 1980 amendments now give individuals the right to recover actual damages or a minimum of $50, injunctive relief, and discretionary treble damages to a maximum of $1,000. (General Business Law, § 349, subd [h]; § 350-d, subd 3.) Such an expansion of remedial rights can be given prospective application only. (See Jacobus v Colgate, 217 NY 235; Isola v Weber, 147 NY 329; O’Reilly v Utah, Neu. & Cal. Stor. Co., 87 Hun 406; Campbell v New York Evening Post, 245 NY 320, 322-324; McKinney’s Cons Laws of NY, Book 1, Statutes, § 53, at p 104.)
Having established that June 19, 1980 is the effective date for the creation of the statutory right of action which plaintiff seeks to assert, the court must now decide whether plaintiff’s causes of action accrued after that date. Sections 349 and 350 of the General Business Law create causes of action for deceptive acts and practices and false advertising, respectively. A necessary element of any ac *292 tion based upon deception is reliance by the plaintiff upon the alleged misrepresentations to his detriment and it is this reliance which marks accrual of any cause of action. (Strauss v Long Is. Sports, 60 AD2d 501, 506.) Any detrimental reliance by plaintiff would have occurred when his vehicle was purchased. (Fazio v Ford Motor Corp., 69 AD2d 896; Murphy v General Motors Corp., 55 AD2d 486.) Richard Burns purchased his Rabbit on or about December 10, 1977. Thus, any misrepresentations would have been made to him before the statutory amendment creating the private right to action became effective. Since plaintiff’s injury occurred before the 1980 amendment he is precluded from asserting a private cause of action and must seek redress through the Attorney-General under subdivision (b) of section 349 and section 350-c of the General Business Law. Defendants’ motion to dismiss the second, third, sixth and seventh causes of action is granted.
Next to be considered is whether plaintiff’s first and fifth causes of action, which seek to maintain class actions pursuant to subdivision (h) of section 349 and subdivision 3 of section 350-d of the General Business Law can be allowed. While both subsections provide that the action may be brought by the injured individual in his own name, this court does not feel that this language is dispositive of the issue. The language of CPLR 901 (subd b) cle.arly sets forth the conditions under which a class action may be maintained: “Unless a statute creating or imposing a penalty, or a minimum measure of recovery specifically authorizes the recovery thereof in a class action, an action to recover a penalty, or minimum measure of recovery created or imposed by statute may not be maintained as a class action.” As noted, both subdivision (h) of section 349 and subdivision 3 of section 350-d of the General Business Law set a minimum recovery of $50 and provide for a discretionary punitive award of treble damages up to $1,000. Pursuant to CPLR 901, class actions cannot be maintained under subdivision (h) of section 349 and subdivision 3 of section 350-d of the General Business law for recovery of minimum or punitive damages because those sections do not contain specific authorizing language. (See Carter v Frito-Lay, Inc., 74 AD2d 550, affd 52 NY2d 994.) As to actual damages, *293 however, CPLR 901 (subd b) would not bar a class action. (McLaughlin, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C901:7, p 328; Hyde v General Motors Corp., NYLJ, Oct. 30, 1981, p 5, col 3.) Thus, class actions for actual damages rather than the $50 minimum or the punitive treble damages can be maintained under subdivision (h) of section 349 and subdivision 3 of section 350-d of the General Business Law. Authority for this interpretation is found in numerous items of correspondence to the Governor’s office concerning the amendments. (May 29, 1980 letter of Assemblyman Jose E. Serrano, chairman of Assembly Committee on Consumer Affairs and Protection; June 13, 1980 letter of Gene DeSantis, counsel to Committee on Consumer Affairs and Protection; June 9, 1980 memorandum from Senator James J. Lack; June 20, 1980 letter from Sanford H. Bolz, senior vice-president and general manager, State Chamber of Commerce; May 20, 1980 memorandum from Paul Goldman, counsel to State Consumer Protection Board.)
The first and fifth causes of action are framed as requests for actual damages only and initially appear to be permissible. An action for actual damages only, however, carries with it a waiver of each class member’s right to a minimum recovery and treble damages. This may reflect adversely upon the plaintiff’s fitness to represent the class. (CPLR 901, subd a, par 4; cf. Russo & Dubin v Allied Maintenance Corp., 95 Misc 2d 344.) Resolution of this issue is most appropriately addressed at the time of plaintiff’s motion for certification. Defendants’ arguments on this point do not support dismissal at this juncture and may ultimately require severance of the damages issue while permitting liability to be tried as a class action. (See Vickers v Home Fed. Sav. & Loan Assn. of East Rochester, 62 AD2d 1171.) Plaintiff’s fitness to represent the class is further placed in question by this court’s ruling dismissing plaintiff’s individual actions under subdivision (h) of section 349 and subdivision 3 of section 350-d of the General Business Law. Accordingly, defendants’ motion to dismiss the first and fifth causes of action is denied without prejudice and resolution of this issue is deferred to be considered with plaintiff’s application for class certification.
*294 Plaintiff’s fourth cause of action is for breach of an express warranty. The parties have not addressed themselves to the dismissal of this cause of action with the same vigor and thoroughness found in their arguments addressing the other causes of action. Defendants challenge the breach of express warranty claim on the ground that it was not timely commenced and that plaintiffs failed to give defendants timely notice of the defect and, thus, an opportunity to cure as required by section 2-607 (subd [3], par [a]) of the Uniform Commercial Code. Plaintiff responds that the defect could not be detected within the warranty period and that the warranty period is unconscionable and should be declared void. Plaintiff also claims that any notice of the defect given to Volkswagen was ineffective and meaningless because Volkswagen refused to correct the problem. The court has not been provided with a copy of the warranty and cannot judge, as a matter of law, whether the warranty terms are unconscionable or whether plaintiff’s claim is sufficient and in accordance with any right of action which that document may provide. Since on a motion to dismiss every favorable inference must be given to the plaintiff’s pleadings, the court feels compelled to deny defendants’ motion as to the fourth cause of action without prejudice.
In summary, the defendants’ motion to dismiss the complaint is granted as to the second, third, sixth and seventh causes of action and is denied without prejudice as to the first, fourth and fifth causes of action.

 Subdivision (h) of section 349 and subdivision 3 of section 350-d of the General Business Law specifically provide:
Subdivision (h) of section 349: “In addition to the right of action granted to the attorney general pursuant to this section, any person who has been injured by reason of any violation of this section may bring an action in his own name to enjoin such unlawful act or practice and to recover his actual damages or fifty dollars, whichever is greater. The court may, in its discretion, increase the award of damages to an amount not to exceed three times the actual damages up to one thousand dollars, if the court finds the defendant willfully or knowingly violated this section. The court may award reasonable attorney’s fees to a prevailing plaintiff.”
Subdivision 3 of section 350-d: “Any person who has been injured by reason of-any violation of section three hundred fifty or three hundred fifty-a of this article may bring an action in his own name to enjoin such unlawful act or practice and to recover his actual damages or fifty dollars, whichever is greater. The court may, in its discretion, increase the award of damages to an amount not to exceed three times the actual damages up to one thousand dollars, if the court finds the defendant willfully or knowingly violated this section. The court may award reasonable attorney’s fees to a prevailing plaintiff.”