■ SUPER GLUE CORP., Appellant, v AVIS RENT A CAR SYSTEM, INC., Respondent.—In an action, *inter alia,* to recover damages for unfair trade practices, and for declaratory and injunctive relief, the plaintiff appeals from so much of an order of the Supreme Court, Queens County (Cooperman, J.), dated June 18, 1984, as (1) granted those branches of the defendant's motion which were to dismiss the second, fifth, seventh, eighth and ninth causes of action and to strike the class allegations of the first, third and fourth causes of action; and (2) denied its cross motion for an order determining that this action may be maintained as a class action.

Justice Weinstein has been substituted for former Justice Lazer *(see,* 22 NYCRR 670.2 [c]).

Ordered that the order is modified, by deleting the first, third and fourth decretal paragraphs thereof and substituting therefor provisions (1) denying that branch of the defendant's motion which was for an order striking the class action allegations of the complaint, and (2) granting the cross motion; as so modified, the order is affirmed insofar as appealed from, with costs to the plaintiff, and the matter is remitted to the Supreme Court, Queens County, for entry of an order pursuant to CPLR 903.

The defendant Avis Rent A Car System, Inc. (hereinafter Avis) utilizes standardized rental agreements which provide for, among other things, the reimbursement for gasoline used during the rental (hereinafter the refueling charge), a collision damage waiver (hereinafter CDW) charge, and the imposition of late charges when the automobile is not returned at the agreed time. The plaintiff alleged, *inter alia,* that these charges and the methods by which they were computed were unfair and deceptive in violation of General Business Law § 349, were unconscionable and imposed in bad faith, in

violation of UCC 2-302 and 1-201, and were a breach of Avis's rental contract. The plaintiff instituted this action on behalf of itself and all those who have rented automobiles from Avis within the State of New York, and were subject to or had imposed upon them the above-mentioned charges.

Avis moved, pursuant to CPLR 3211, to dismiss, *inter alia,* those causes of action alleging unconscionability and a breach of the obligation to act in good faith. Avis also moved to strike the class allegations contained in the complaint, and the plaintiff cross-moved for an order determining that the action may be maintained on behalf of a class.

Special Term determined that a breach of the obligation to act in good faith may give rise to cause of action for which damages may be recovered, but found, under the circumstances of this case, that the plaintiff failed to allege a breach of that duty. It also determined that the doctrine of unconscionability may not be used affirmatively and, in any event, held that the plaintiff failed to establish the absence of a meaningful choice in incurring the charges. Accordingly, it dismissed, *inter alia,* the second, fifth, seventh, eighth and ninth causes of action of the complaint.

Special Term further held that the causes of action alleging a violation of General Business Law § 349 could not be maintained on behalf of a class because to do so, the plaintiff would have to waive the class members' right to a minimum measure of recovery and punitive damages hereunder (CPLR 901 [b]) and, consequently, would not be an adequate class representative (CPLR 901 [a] [4]). Therefore, it struck the class action allegations contained in the first and fourth causes of action.

Finally, the court determined that the breach of contract action arose from the fact that on one of the plaintiff's rental agreements, the amount of the refueling service charge was inadvertently left blank. Since the defendant's "usual practice" was to state the amount on the face of the contract, Special Term determined that this cause of action could be maintained on an individual basis only.

We find that Special Term did not err in dismissing those causes of action alleging breach of the duty to act in good faith and unconscionability.

It has been stated that "[w]hen a party acts in bad faith, he will ordinarily be denied the benefit of any provision or concept that would improve his position * * * Acting in bad faith is thus a disqualifying factor as distinguished from a

liability-imposing factor. In consequence, the Code does not permit recovery of money damages for not acting in good faith where no other basis of recovery is present" (1 Anderson, Uniform Commercial Code § 1-203:14, at 382-383 [3d ed]; *see also, Management Assistance v Computer Dimensions,* 546 F Supp 666, 677, *affd* 747 F2d 708; *Chandler v Hunter,* 340 So 2d 818, 821 [Ala]).

Nor does UCC 2-302 create a cause of action to recover damages in favor of a party to an allegedly unconscionable contract *(see, Pearson v National Budgeting Sys.,* 31 AD2d 792; *Barco Auto Leasing Corp. v PSI Cosmetics,* 125 Misc 2d 68; *Vom Lehn v Astor Art Galleries,* 86 Misc 2d 1). The doctrine of unconscionability is to be used as a shield, not a sword, and may not be used as a basis for affirmative recovery. Under both the UCC and common law, a court is empowered to do no more than refuse enforcement of the unconscionable contract or clause *(see,* UCC 2-302; *Pearson v National Budgeting Sys., supra; Cowin Equip. Co. v General Motors Corp.,* 734 F2d 1581, citing *Bennett v Behring Corp.,* 466 F Supp 689, *affd on other grounds* 737 F2d 982).

However, we find Special Term should not have denied class certification.

Although CPLR 901 (b) bars a class action to recover a penalty or minimum damages imposed by statute, where, as here, the statute does not explicitly authorize a class recovery thereof, the named plaintiff in a class action may waive that relief and bring an action for actual damages only *(see,* McLaughlin, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C901:7, at 327-328; *Burns v Volkswagen of Am.,* 118 Misc 2d 289, *affd on other grounds* 97 AD2d 977). Thus, the weight of authority holds that a class action may be maintained to recover actual damages and injunctive relief pursuant to General Business Law § 349 (h) *(see, e.g., Weinberg v Hertz Corp.,* Sup Ct, NY County, Mar. 5, 1984 [Wolin, J.], *affd* 105 AD2d 1169; *Burns v Volkswagen of Am., supra; Hyde v General Motors Corp.,* NYLJ, Oct. 30, 1981, at 5, col 3). Clearly, this was the intent of the Legislature when it enacted General Business Law § 349 (h) *(see, e.g.,* Sponsor's mem, Assembly Bill 7223-B; letter dated May 23, 1980, of Senator Bruno, Chairman, Standing Comm on Consumer Protection).

Should any class member wish to pursue his or her statutory right to minimum and treble damages, he or she may opt out of the class and bring an individual action therefor *(see, Weinberg v Hertz Corp.,* 116 AD2d 1, *affd* 69 NY2d 979; *cf., Bantolina v Aloha Motors,* 419 F Supp 1116).

With respect to the class action allegations in the plaintiff's third cause of action alleging breach of contract, Special Term should not have accepted as true the defendant's factual allegation that an Avis employee *always* writes the refueling charge per mile on the rental agreement when the automobile is rented, inasmuch as the defendant conceded that "[b]y clerical or mechanical error, the rate for the refueling service was omitted from plaintiff's July 1983 Rental Agreement". Other members of the proposed class should not be precluded from establishing that Avis likewise failed to state the amount on their rental agreements as well. "[I]nquiry on a motion for class action certification vis-à-vis the merits is limited to a determination as to whether on the surface there appears to be a cause of action which is not a sham (see, *Simon v Cunard Line,* 75 AD2d 283)" *(Brandon v Chefetz,* 106 AD2d 162, 168).

Finally, we conclude the record is sufficient to support a finding that the prerequisites set forth in CPLR 901 (a) for a class action have been met *(see, Weinberg v Hertz Corp.,* 116 AD2d 1, *supra).*

The proposed class of tens of thousands clearly satisfies the numerosity requirement *(see, e.g., Sternberg v Citicorp Credit Servs.,* 69 AD2d 352, *affd* 50 NY2d 856). Common questions of law and fact, namely, whether the refueling, CDW and late charges were deceptive and a breach of the rental agreement, prevail over any individual questions. Contrary to Avis's assertion, there is no per se rule that actions sounding in fraud are unsuited for class certification under CPLR article 9, and the mere presence of a question of individual reliance does not preclude class action certification *(cf., Friar v Vanguard Holding Corp.,* 78 AD2d 83; *King v Club Med,* 76 AD2d 123). With respect to the requirement of typicality, it is not necessary that the claims of the named plaintiff be identical to those of the class, and, should it prove necessary, the option of creating subclasses remains *(see, Friar v Vanguard Holding Corp., supra).* As previously discussed, the interests of the named plaintiff would not be adverse to those of a class seeking actual damages only, and the record supports the plaintiff's claim that it and its counsel will vigorously and adequately pursue the action against Avis. Consequently, the plaintiff is an adequate representative of the class *(see, Norwalk v Manufacturers & Traders Trust Co.,* 80 AD2d 745). Lastly, there can be little doubt that a class action is the only feasible mechanism of addressing the claims of the individual members of the proposed class. The small amount of damages sustained by the individual class members would discourage

many of them from pursuing their claims individually, and the number of claimants would render consolidation unfeasible *(see, Weinberg v Hertz Corp.,* 116 AD2d 1, *supra)*. If subsequent events so warrant, the class may later be divided into subclasses or decertified, depending on the circumstances then existing *(see,* CPLR 906, 907; *Friar v Vanguard Holding Corp., supra)*. Mollen, P. J., Weinstein, Kunzeman and Kooper, JJ., concur.