■ ESTHER BRANCH et al., Respondents, v ROBERT CRABTREE et al., Appellants, et al., Defendant. [603 NYS2d 490] —In an action, *inter alia,* to recover damages sustained as a result of the defendants' alleged deceptive and illegal sales and financial practices, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Wood, J.), dated December 13, 1990, as granted the plaintiffs' motion for class action certification.

Ordered that the order is affirmed insofar as appealed from, with costs.

The court properly granted the plaintiffs' motion for class action certification. The record is sufficient to support the finding that the prerequisites set forth in CPLR 901 (a) have been met. The proposed class of more than 5000 satisfies the numerosity requirement *(see, Super Glue Corp. v Avis Rent A Car Sys.,* 132 AD2d 604). The defendants do not presently dispute that there are questions of law or fact common to the class which predominate over the claims of any individual member of the class. In any event, "[t]he predominance of questions of fact or law over questions affecting only individual members is the test which must be met, not a nice inspection of the claims of each class member" *(Weinberg v Hertz Corp.,* 116 AD2d 1, 7, *affd* 69 NY2d 979). Moreover, contrary to the defendants' contentions, the typicality requirement was also satisfied. "It is not necessary that the claims of the named plaintiff be identical to those of the class" *(Super Glue Corp. v Avis Rent A Car Sys.,* 132 AD2d 604, *supra).* The record also supports a finding that the representative parties and their counsel will adequately protect the interests of the class. Lastly, we find that a class action is the only practical and efficient method of addressing the claims of the individual members of the proposed class. The large number of claimants would make a consolidated action unfeasible *(Super Glue Corp. v Avis Rent A Car Sys.,* 132 AD2d 604, *supra).*

Any claims as to duplicative or punitive damages can be addressed by the trial court in determining the appropriate judgment in this case.

The defendants' remaining contentions are without merit. Mangano, P. J., Sullivan, Miller and Pizzuto, JJ., concur.