■ GABRIELLE CARUSO, on Behalf of Herself and Similarly Situated Former Employees of ALLNET COMMUNICATION SERVICES, INC., Appellant, v ALLNET COMMUNICATION SERVICES, INC., Respondent. GABRIELLE CARUSO, on Behalf of Herself and Similarly Situated Former Employees of ALLNET COMMUNICATION SERVICES, INC., Appellant-Respondent, v ALLNET COMMUNICATION SERVICES, INC., Respondent-Appellant. [662 NYS2d 468] —Order, Supreme Court, New York County (Herman Cahn, J.), entered on or about March 28, 1996, which granted defendant's motion for partial summary judgment dismissing the first, third, sixth and seventh causes of action, unanimously modified, on the law, to deny that portion of the motion as seeks dismissal of the first cause of action, and otherwise affirmed, without costs. Order, same court and Justice, entered on or about March 10, 1997, which granted defendant's motion to deny class certification and denied plaintiff's cross motion to certify the class, unanimously affirmed, without costs; the cross appeal from said order is unanimously dismissed, without costs.

In this action by a sales representative to recover allegedly earned compensation from her former employer, the IAS Court properly eschewed reliance on the labelling of certain items of compensation in defendant's compensation plan documents as "bonuses" in favor of a determination based upon whether or

not the compensation was discretionary and forfeitable as opposed to vested and mandatory (*see, Mirchel v RMJ Sec. Corp.*, 205 AD2d 388), but erred in its factual finding that the "monthly quota multiplier bonus" was a bonus. In this regard, we find an issue of fact in light of the mandatory language in defendant's compensation documents stating that, upon the fulfillment of certain conditions, a sales representative "will" receive such payment and that the employee's commission "shall" be increased; the reference to such payment as an increase to a "commission", which is generally viewed as earned non-forfeitable compensation, as well as the fact that defendant drafted the governing documents (*see, Tuttle v McQuesten Co.*, 227 AD2d 754), lend further support to the conclusion that the IAS Court improperly resolved an issue of fact.

Contrary to the IAS Court's determination, the breach of contract cause of action is viable. Rather than consider the illegal contract as void *in toto*, the better view is to sever the offending provision and validate the basic agreement; under this approach, there is a cause of action for breach of the valid remainder of the contract.

The cause of action for breach of the implied covenant of good faith and fair dealing was properly dismissed because the allegations merely duplicate the breach of contract cause of action.

We need not determine whether defendant's failure to respond to plaintiff's request for information concerning the calculation of her compensation gives rise to a private right of action under Labor Law § 191 (1) (c) and § 195 (3), since plaintiff improperly seeks punitive damages unsupported by a request for compensatory damages or any other relief (*see, Rocanova v Equitable Life Assur. Socy.*, 83 NY2d 603, 616-617), and, in any event, does not allege facts evincing the gross, morally reprehensible or wantonly dishonest conduct necessary to support a claim for punitive damages (*see, New York Univ. v Continental Ins. Co.*, 87 NY2d 308, 315-316).

Class certification was properly denied pursuant to CPLR 901 (b) on the authority of *Carter v Frito-Lay, Inc.* (74 AD2d 550, *affd* 52 NY2d 994), the IAS Court correctly rejecting plaintiff's argument that this Court's ruling in *Carter* was overruled by subsequent authority in other Departments dealing with a different statute.

In view of the foregoing, it is unnecessary to reach plaintiff's arguments concerning the scope of the class. Defendant's cross appeal from the order denying certification must be dismissed since defendant is not aggrieved (*Parochial Bus Sys. v Board of*

*Educ.*, 60 NY2d 539, 545). Concur—Sullivan, J. P., Ellerin, Nardelli, Williams and Andrias, JJ.