**Sherri J. GRADISHER Plaintiff,**

v.

**CHECK ENFORCEMENT UNIT, INC., Defendant.**

**No. 1:00–CV–401.**

United States District Court,
W.D. Michigan,
Southern Division.

July 18, 2002.

Louis R. Lint, Muskegon, MI, for plaintiff.

Daniel Webber, Thomas, DeGrood, Witenoff & Hoffman, Southfield, MI, for defendant.

### MEMORANDUM ORDER

QUIST, District Judge.

At the damages hearing held on June 12, 2002, this Court determined, among other things, that Defendant's net worth was $3,890. Because the class is entitled to recover 1% of Defendant's net worth, the total class recovery will be $38.90, or approximately $0.06 per class member. Due to the de minimis class recovery, Plaintiff's counsel requested that the Court either decertify the class or approve a supplemental notice to the class advising the members of the de minimis recovery and allowing them a second opportunity to opt out and pursue their own individual claims against Defendant. As directed by the Court, the parties have submitted briefs on the decertification/supplemental notice issue. Having reviewed the parties' briefs and for the reasons set forth below, the Court determines that the class should be decertified based upon the de minimis class recovery.

Defendant contends that decertification would be improper because it would violate the intent of Rule 23 that class certification decisions be made at the earliest possible time after the case has been commenced. This reading misconstrues the nature of a class certification order. As one court has recently observed:

> Federal Rule of Civil Procedure 23 provides district courts with broad discretion to determine whether a class should be certified, and to revisit that certification throughout the legal proceedings before the court. The district court may permit discovery to determine whether class certification is appropriate, may limit such discovery to class certification issues, and may make appropriate orders to control the course of proceedings or prescribing measures to prevent undue repetition or complication in the presentation of evidence or an argument. Where appropriate, the district court may redefine the class, may excise portions of a plaintiffs [sic] class allegations, and may even decertify the class. These procedural tools ensure that the district courts can fully investigate class certification issues, and require us to continue to give deference to the district court's decision on certification and the scope of the class through the remedy stage of the proceedings, unless the court abuses its discretion.

*Armstrong v. Davis,* 275 F.3d 849, 871–72 n. 28 (9th Cir.2001)(internal citations omitted). *See also* 5 James Wm. Moore, et al., *Moore's Federal Practice* ¶ 23.04 (3d ed. 1999)("Indeed, the district court is obligated to reassess its class rulings regularly as the case develops."). As noted, a district court retains the authority to amend a certification order or to decertify the class in light of subsequent events. *Winkler v. DTE, Inc.,* 205 F.R.D. 235, 239 (D.Ariz.2001). A de minimis recovery is a valid reason for decertification. *See Nance v. Friedman, P.C.,* No. 98 C 6720, 2000 WL 263834, at *2 (N.D.Ill. Mar.1, 2000); *White v. Fin. Credit Corp.,* Nos. 99 C 4023, 99 C 5001, 2000 WL 816783, at *2 (June 21, 2000).

Neither party has cited any authority providing guidance on when a de minimis recov-

ery supports decertification. In *Mace v. Van Ru Credit Corp.*, 109 F.3d 338 (7th Cir.1997), the Seventh Circuit observed that in the context of certification, a de minimis recovery should not automatically bar certification. *Id.* at 344. The court reasoned:

> The policy at the very core of the class action mechanism is to overcome the problem that small recoveries do not provide the incentive for any individual to bring a solo action prosecuting his or her rights. A class action solves this problem by aggregating the relatively paltry potential recoveries into something worth someone's (usually an attorney's) labor.
>
> True, the FDCPA allows for individual recoveries of up to $1,000. But this assumes that the plaintiff will be aware of her rights, willing to subject herself to all the burdens of suing and able to find an attorney willing to take her case. These are considerations that cannot be dismissed lightly in assessing whether a class action or a series of individual lawsuits would be more appropriate for pursuing the FDCPA's objectives.

*Id.* at 344. Courts have found certification to be proper in cases involving small potential class recoveries because a class action is a particularly appropriate vehicle for deciding the claims of a large number of plaintiffs with small per-claim recoveries. *See Krause v. GE Capital Mortgage Servs., Inc.*, No. 97 C 8589, 1998 WL 831896, at *6 (N.D.Ill.1998). In *Weber v. Goodman*, 9 F.Supp.2d 163 (E.D.N.Y.1998), the court held that certification was proper, even though the class plaintiffs stood to recover no more than $2 per member, because it was unlikely that the class members would file individual suits based upon the defendants' violations of the FDCPA. *Id.* at 170. The court acknowledged the defendants' argument that class members would be better off filing individual actions because they could recover greater damages but determined that the class action form was still superior because "[e]ach class member has a stake in vindicating his rights, and the public has an interest in seeing that the FDCPA is obeyed." *Id.* at 171.

The considerations in the decertification issue before the Court are different from those identified by the courts in the cases cited above regarding certification because here all the class members have been identified and have been made aware of their rights and Defendant's violations of the FDCPA. Thus, it is more likely that class members would file individual suits because they are aware that they have claims against Defendant. In addition, the total class recovery, $38.90, and the share to each class member, $0.06, have been identified. Given the small amount of the award, which is essentially equivalent to no award, it is more likely that class members would chose to file individual suits if given the opportunity to do so. These factors suggest that a class action is not the superior method of adjudicating the case and weigh in favor of decertification. This does not mean that decertification is necessarily warranted. For example, even though the award per member is small, decertification might not be warranted if the class award was large enough to deter Defendant from committing future FDCPA violations. That is not the case, however, because an award of $38.90 is too paltry to have any effect upon Defendant's business practices.

In *Peters v. Cars To Go, Inc.*, No. 1:97–CV–920 (W.D.Mich.), this Court denied the parties' joint motion to decertify a class which had been certified with respect to a Truth–In–Lending–Act claim. (6/11/99 Mem. Order.) The parties requested decertification because the recovery per class member would have been $2.38. This Court declined to decertify the class because the defendant in that case had ceased doing business and the only asset was a $10,000 surety bond. The Court's concern was that decertification would allow the named class representatives to recover the entire $10,000 and leave nothing for the class members. Those concerns are not present here because the class members stand to recover more if they file individual actions. Thus, the class members would benefit from decertification. Moreover, Defendant has not identified any persuasive reason why the class should not be decertified. Therefore,

395

IT IS HEREBY ORDERED that the class certified by the Court on August 21, 2001, is **DECERTIFIED**.

**IT IS FURTHER ORDERED** that within fourteen (14) days of the date of this Order, Plaintiff's counsel shall submit a proposed form of notice to the class members to the Court for approval. Defendant shall have ten (10) days from the date of service to file any objections to the proposed form of notice.

**IT IS FURTHER ORDERED** that Plaintiff and Defendant shall each bear one-half the cost of sending the notice to the class members.