**Christine DAENZER, on behalf of herself and all others similarly situated, Plaintiff,**

**v.**

**WAYLAND FORD, INC., Defendant.**

**No. 1:01–CV–133.**

United States District Court, W.D. Michigan, Southern Division.

Sept. 9, 2002.

John E. Anding, Thomas V. Hubbard, Drew, Cooper & Anding, Phillip C. Rogers, Grand Rapids, MI, for plaintiff.

Blake D. Crocker, Early, Lennon, Crocker & Bartosiewicz, PC, Kalamazoo, MI, Michael D. Wade, Aaron D. Wiseley, Garan, Lucow, Miller & Seward, PC, Grand Rapids, MI, for defendant.

### OPINION

ENSLEN, District Judge.

This matter is before the Court on Plaintiff's Revised Motion for Partial Summary Judgment On The Issue of Damages. Plaintiff, as class representative, was previously granted summary judgment on the issue of liability as to her Truth in Lending Act (TILA) claim, her Michigan Consumer Protection Act (MCPA) claim, and her Motor Vehicle Installment Sales Contract Act (MVISCA) claim.

### I.  Facts

The Court relies on its previous recitations of the relevant facts in other Opinions issued in this matter.

### II.  Standard of Review

Summary judgment is proper if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). The initial burden is on the movant to specify the basis upon which summary judgment should be granted and to identify portions of the record which demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The burden then shifts to the non-movant to come forward with specific facts, supported by the evidence in the record, upon which a reasonable jury could find there to be a genuine fact issue for trial. *Anderson v. Liberty Lobby,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). If, after adequate time for discovery on material matters at issue, the non-movant fails to make a showing sufficient to establish the existence of a material disputed fact, summary judgment is appropriate. *Celotex Corp.,* 477 U.S. at 323, 106 S.Ct. 2548.

### III.  Analysis

#### A.  Plaintiff's Claim for Costs and Attorney's Fees Under TILA

Plaintiff seeks the statutory damages available under TILA, pursuant to 15 U.S.C. § 1640(a)(2)(B), and not actual damages. In the case of a class action, statutory damages are limited to the lesser of $500,000 or 1 percent of the net worth of the creditor. 15 U.S.C. § 1640(a)(2)(B). Plaintiff and the class cannot recover statutory damages from Defendant because the parties do not dispute that Defendant has a negative net worth.

Plaintiff also seeks the costs of the action and a reasonable attorney's fee, as provided by 15 U.S.C. § 1640(a)(3). Defendant argues that because only "successful" plaintiffs should receive costs and an attorney's fee, Plaintiff is not entitled to this relief. 15 U.S.C. § 1640(a)(3). Defendant asserts that Plaintiff and the TILA Class have not been "successful" because they will not recover any damages on the TILA claim.

Neither of the Supreme Court cases cited by Defendant discussing the definition of "prevailing party" in 42 U.S.C. § 1988

awards, or cases from other courts discussing § 1988, have any bearing on this case, since under TILA, the relevant inquiry is what constitutes a "successful action." *Compare Farrar v. Hobby,* 506 U.S. 103, 114, 113 S.Ct. 566, 121 L.Ed.2d 494 (1992); *Hensley v. Eckerhart,* 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983), *with* 15 U.S.C. § 1640(a)(3).

In fact, in *de Jesus v. Banco Popular de Puerto Rico,* a case also cited by Defendant, the First Circuit stated,

> The language in section 1640(a) unequivocally entitles a successful Truth–in–Lending plaintiff to an award of attorney's fees, and leaves only *the amount* of the award to the court's discretion. Defendant has cited us no authority contrary to this view of the language, and we have found none. That this provision plainly requires an award of attorney's fees is made all the more obvious through a comparison with the language in 42 U.S.C. § 1988, a similar statute authorizing an award of attorney's fees to prevailing plaintiffs in civil rights suits brought, *inter alia,* under 42 U.S.C. § 1983. Section 1988 expressly provides that a court, "[i]n any action or proceeding to enforce a provision of section[ ] . . . 1983 . . . *in its discretion, may allow* the prevailing party . . . a reasonable attorney's fee as part of the costs."

*de Jesus,* 918 F.2d 232, 233–34 (1st Cir.1990) (emphasis added in original). Given the soundness of this reasoning, it seems obvious that Plaintiff's attorneys are entitled to costs and a fee, since Plaintiff won summary judgment on the issue of whether Defendant was violating TILA.

■ Based on the *de Jesus* case, Defendant argues the amount of damages recovered by Plaintiff and the class is relevant to the size of the attorney's fee. *de Jesus,* 918 F.2d at 234 (finding that the Supreme Court has held "unanimously that the *degree* of the plaintiff's success in relation to the other goals of the lawsuit is a factor critical to the determination of the size of a reasonable fee, not to eligibility for a fee award at all"). This Court notes that the *de Jesus* Court also

said, "The court must, however, upon proper proof, award attorney's fees to a prevailing plaintiff sufficient to vindicate the Congressional goal of creating a system of private attorneys general to aid in effective enforcement of the Truth in Lending Act." *Id.* at 235 (internal quotations omitted).

Finally, the Sixth Circuit has affirmed the award of costs and a reasonable attorney's fee even where those amounts well exceeded the recovery in a TILA case. *Purtle v. Eldridge,* 91 F.3d 797, 802 (6th Cir.1996). The Sixth Circuit squarely said, "The attorney's fees are not limited by the amount of Purtle's recovery." *Id.* Here, Plaintiff won summary judgment on the TILA claim, and the only reason she is denied statutory damages is because of the financial situation of Defendant. This circumstance does not make her claim any less worthy or Defendant's conduct any less a violation of federal law. It would certainly do violence to Congressional intent in passing TILA to permit undercapitalized dealerships to violate TILA with impunity because no attorney would take a case against them for free. Therefore, this Court will award costs and a reasonable attorney's fee to Plaintiff without regard to the fact that Plaintiff and the class are prohibited from recovery by Defendant's financial status. Since Plaintiff has not already done so, Plaintiff will be ordered to submit documentation of the amount claimed, and Defendant will have an opportunity to respond.

■ Plaintiff has also presented the Court with a request to decertify the TILA class as to the TILA damages claim. Plaintiff reasons that because the class cannot recover statutory damages under TILA due to Defendant's negative net worth, the class method for adjudication of the damages issue is not superior to individual actions. Defendant claims that under the Federal Rules of Civil Procedure 23(c)(1) it is too late to decertify the class because the case has already been decided on the merits.[1] However, the Defendant is mistaken because a district court may decertify a class "for proper reason" even

---

1. Under the Federal Rules of Civil Procedure 23(c)(1) a court may alter or amend a decision on class certification "before the decision on the merits."

after a finding of liability. *Link v. Mercedes–Benz of N. Am., Inc.*, 550 F.2d 860, 864 (3d Cir.1977). A proper reason justifying decertification would be in fairness to the class and because the superiority requirement of Federal Rules of Civil Procedure 23(b)(3) is no longer satisfied. *Commonwealth of Pennsylvania v. Local Union 542, Int'l Union of Operating Eng'rs*, 90 F.R.D. 589, 593 (E.D.Pa.1981); Edward F. Sherman, *Aggregate Disposition of Related Cases: the Policy Issues*, 10 Rev. Litig. 231, 272 (1991).

■ While this Court is bothered that Plaintiff did not bring Defendant's negative net worth to its attention when Plaintiff first learned of the fact, the more pressing issue is that the class can no longer be adequately represented by the named Plaintiff. This alone justifies decertification of the class. *Key v. Gillette Co.*, 782 F.2d 5, 6 (1st Cir. 1986) (finding that the requirements of Rule 23(a) are mandatory). This Court is obligated to monitor the decision on class certification and amend or alter the decision as needed in light of evidentiary developments. *Richardson v. Byrd*, 709 F.2d 1016, 1019 (5th Cir.1983); *Reed v. Town of Babylon*, 914 F.Supp. 843, 848–49 (E.D.N.Y.1996). It is now apparent that the named Plaintiff cannot adequately represent the members of the Plaintiff class in their recovery of damages. Rather, the members of the class are better served if allowed to proceed as individuals. *Gradisher v. Check Enforcement Unit, Inc.*, 209 F.R.D. 392 (W.D.Mich.2002). It is not unheard of for a court to certify a class as to liability and not as to damages. *Lindsey v. Ed Johnson Oldsmobile, Inc.*, 1997 WL 269627 (N.D.Ill.1997); *Vickers v. Home Fed. Sav. & Loan Assoc.*, 62 A.D.2d 1171, 404 N.Y.S.2d 201, 201 (N.Y.App.Div.1978).

Whereas decertification on the issue of damages may is sometimes inappropriate because decertification would leave the members of the class in a worse position, this Court must decertify the class in order to allow members of the TILA class to fully recover their damages. *Samuel v. Univ. of Pittsburgh*, 538 F.2d 991, 996 (3d Cir.1976). In the present case, failure to decertify the class will result in an unjust windfall to Defendant. *Compare Samuel*, 538 F.2d at 997.

The Court's decision as to liability is res judicata in any damages action individual class members decide to bring. *McCoy· v. Salem Mortgage Co.*, 74 F.R.D. 8, 13–14 (E.D.Mich.1976).

## B. Plaintiff's Claim for Declaratory Judgment Under MCPA

Plaintiff asks the Court to grant her declaratory judgment as to her MCPA claim. The Court previously determined that Plaintiff was entitled to summary judgment on her MCPA claim. Specifically, the Court determined that no reasonable jury could find other than that Defendant: (1) caused a probability of confusion or of misunderstanding as to the legal rights, obligations, or remedies of a party to a transaction, in violation of Mich. Comp. Laws. § 445.903(1)(n); (2) caused a probability of confusion or of misunderstanding as to the terms or conditions of credit extended in a transaction, in violation of Mich. Comp. Laws § 445.903(1)(o); (3) represented to Plaintiff and the class members that they would receive a benefit (motor vehicle financing) as an inducement for entering into a transaction to purchase a motor vehicle, when in fact benefit was contingent on an event (the sale of the retail installment sales contract (RISC) to a third party finance company) to occur subsequent to the transaction, in violation of Mich. Comp. Laws § 445.903(1)(w); and (4) took or arranged for a consumer to sign an acknowledgment or other writing affirming acceptance, delivery, compliance with a requirement of law, or other performance, where Defendant knew or had reason to know that the statement was not true, in violation of Mich. Comp. Laws § 445.903(1)(v).

As a result, the Court will grant Plaintiff declaratory judgment on her MCPA claim. This will be noted in the Judgment accompanying this Opinion.

## C. Plaintiff's Claim for Disgorgement and Cancellation of Finance Charges Under MVISCA

■ Finally, as to damages on her MVISCA claim, Plaintiff seeks disgorgement of finance charges assessed by Defendant and a cancellation of future finance charges. The

MVISCA provides, "Under a written instrument evidencing a retail installment sale which does not substantially comply with the requirements of this section, the seller shall not be entitled to recover, collect or retain that part of the obligation which represents the finance charge and the buyer shall not be liable therefor." Mich. Comp. Laws § 566.302. Plaintiff asserts that she and the class are entitled to disgorge Defendant, and/or Defendant's assignees who now hold the installment sales contracts, of any finance charges collected and for a release of liability from paying future finance charges.

The MVISCA defines "seller" as "a person who sells or agrees to sell a motor vehicle, or any legal successor in interest of such person." Mich. Comp. Laws § 566.301(d). Defendant asserts that "legal successor in interest" does not include the finance companies to which Defendant sold the RISCs of the class members. Instead, Defendant asserts that "legal successor in interest" would only encompass another entity to which Defendant sold the dealership. In addition, Defendant asserts that it does not retain any of the finance charges because payment of those is now received by the finance companies holding the RISCs. As a result, Defendant argues, Plaintiff and the class cannot obtain damages under MVISCA, except in the case of Plaintiff only, since her RISC is the only one Defendant did not sell to a finance company.

Defendant misunderstands the legal definition of successor. The buyers of the RISCs are Defendant's legal successors as through "other legal succession" they have "become invested with rights and assume[ ] burdens of first corporation." Black's Law Dictionary (4th ed.1968). Furthermore, this argument fails for lack of common sense. Defendant must retain some benefit from the finance companies in exchange for selling potentially profitable RISCs to them, or else Defendant would not sell RISCs to finance companies in the first place. At the very least, this premium payment, which Plaintiff asserts that Defendant does in fact receive, would very likely represent payment to Defendant of finance charges over the life of an entire RISC, reduced for the time value of money, a profit margin for the finance company, etc.

Moreover, it seems highly suspect to this Court that Defendant could relieve itself of its statutory and contractual obligations to car consumers merely by reselling the RISCs to finance companies. In fact, it is a well-established rule that a party to a contract cannot relieve itself of its obligations in the contract by assigning the contract to a third party. 6 Am.Jur.2d, § 110 Assignments; *see also Imperial Hotels Corp. v. Dore*, 257 F.3d 615, 620 (6th Cir.2001). In addition, Defendant sold the finance companies the right to collect finance charges under all of the RISCs at issue, except this right that Defendant sold did not exist at the time Defendant sold it, since Defendant had already violated MVISCA at that point.

Defendant, then, must pay Plaintiff and the class members for past finance charges paid and future finance charges owed to the finance companies, since Defendant caused the ability of the finance companies to collect these charges from the car consumers and improperly received premiums from finance companies when it made the void contracts. This is the only equitable result under MVISCA. The benefit Defendant received from the finance companies, the premium paid for selling the RISCs, is an amount retained by Defendant which represents finance charges. Defendant can seek reimbursement from finance companies in separate proceedings if it finds that it may be entitled to that relief under various contract principles, but that is not the concern of this Court in this litigation. Furthermore, this Court finds Defendant failed to present any compelling reason or basis for decertifying the class as to this issue. It is well settled that the need for individual proof as to amount of damages in a class action does not destroy the existence of a class. *Sterling v. Velsicol Chem. Corp.*, 855 F.2d 1188, 1197 (6th Cir.1988).

The Court will require the parties to have a status conference with Magistrate Judge Ellen S. Carmody to determine whether additional discovery will be required to calculate these amounts.

## V. Conclusion

Therefore, the Court will grant summary judgment for Plaintiff on the issue of damages under TILA, MVISCA, and MCPA as stated in the Order accompanying this Opinion.

### *ORDER*

In accordance with an Opinion filed this day,

**IT IS HEREBY ORDERED** that Plaintiff's Revised Motion For Partial Summary Judgment on the Issue of Damages (Dkt. No. 128) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff be awarded reasonable attorney's fees as provided by 15 U.S.C. § 1640(a)(3).

**IT IS FURTHER ORDERED** that, in order to determine the amount of the attorney's fee award, Plaintiff shall file a renewal motion for attorney's fees with supporting documentation within fourteen days of entry of Final Judgment as required by Federal Rule of Civil Procedure 54(d).

**IT IS FURTHER ORDERED** that the TILA class is decertified as to the issue of TILA damages under 15 U.S.C. § 1604(a)(2).

**IT IS FURTHER ORDERED** that Defendant Wayland Ford, Inc.'s practices with respect to members of the State Law Class are hereby declared to have been in violation of the Michigan Consumer Protection Act, particularly the provisions found in Mich. Comp. Laws. § 445.903(1)(n), (1)(*o*), (1)(w), and (1)(v).

**IT IS FURTHER ORDERED** that the Court declares that the Plaintiff class is entitled to reimbursement from Defendant of past finance charges paid and for future finance charges owed under contracts within the purview of this class action as indicated by the Motor Vehicle Installment Sales Contract Act, Mich. Comp. Laws § 566.302.

**IT IS FURTHER ORDERED** that the parties shall contact Magistrate Judge Ellen S. Carmody within ten days of the date of this Order to schedule a status conference.