Order, Supreme Court, New York County (Karla Moskowitz, J.), entered on or about November 16, 2007, which, in actions arising out of defendant’s refusal to pay bonuses, granted defendant’s motion for summary judgment dismissing the complaints, unanimously affirmed, with costs.
Elaintiffs’ claims for breach of contract lack merit in view of the unambiguous language of their contracts and the employee handbook plainly making bonus awards solely and completely a matter of defendant’s discretion (see Kaplan v Capital Co. of Am., 298 AD2d 110, 111 [2002], lv denied 99 NY2d 510 [2003]; cf. Caruso v Allnet Communication Servs., 242 AD2d 484, 484-485 [1997]). Language that bonuses would be contingent on criteria such as performance and profitability cannot be interpreted as a limitation on defendant’s discretion, since doing so would render the clear language of discretion meaningless (see Beal Sav. Bank v Sommer, 8 NY3d 318, 324 [2007]). The claims for breach of the implied covenant of good faith and fair dealing, even assuming they can coexist in this context with a right of unfettered discretion (but cf. Murphy v American Home Prods. Corp., 58 NY2d 293, 304-305 [1983]), are not supported by any evidence of bad faith (see Richbell Info. Servs. v Jupiter Partners, 309 AD2d 288, 303 [2003]). The claims for unjust enrichment and quantum meruit are not viable since an express contract governs the subject matter (see EBC I, Inc. v Goldman, Sachs & Co., 5 NY3d 11, 23 [2005]). Unpaid bonuses do not constitute “wages” under Labor Law § 193 (see Truelove v Northeast Capital. & Advisory, 95 NY2d 220, 224 [2000]), plaintiffs’ “commission” nomenclature notwithstanding. *275 Concur—Gonzalez, J.E, McGuire, DeGrasse and Freedman, JJ. [See 2007 NY Slip Op 33668(U).]