▪ Ticor Title Guarantee Company et al., Respondents, v E.F.D. Capital Group, Inc., et al., Defendants, and Frank R. West, as Trustee for Frank R. West, Appellant. [621 NYS2d 128] —Mercure, J. Appeal from an order of the Supreme Court (Best, J.), entered October 21, 1993 in Hamilton County, which granted plaintiffs' motion for summary judgment and made a declaration in their favor.

It is undisputed that if defendant Frank Deutsch, president and principal stockholder of defendant E.F.D. Capital Group, Inc. (hereinafter EFD), forged the signatures of defendants Denise A. Turturo and Frank Turturo to a mortgage granted to EFD and subsequently assigned to defendant Frank R. West, then plaintiffs are entitled to judgment declaring void *ab initio* a title insurance policy issued by plaintiff Ticor Title Guarantee Company, which insured the lien of the mortgage. At a September 25, 1987 deposition, Deutsch (at the time an inmate at a New Mexico correctional facility) repeatedly testified that he had not forged the Turturos' signatures or the acknowledgment on the instrument. However, after he was furnished with a typed transcript of his testimony, Deutsch appended four handwritten revisions wherein he unequivocally acknowledged that he had forged the signatures of the Turturos and of the purported Notary Public who took the acknowledgment. Through apparent oversight, however, Deutsch failed to expressly revise all of the prior denials of guilt.

We are not persuaded by West's contention that the resulting "inconsistency" left an unresolved factual issue so as to preclude a grant of summary judgment in favor of plaintiffs. The question of Deutsch's forgery is not subject to varying recollections, gradations or interpretations *(cf., Wilder v Rensselaer Polytechnic Inst.,* 175 AD2d 534, 535; *Shea v Johnson,* 101 AD2d 1018). To the contrary, we view Deutsch's clear and unequivocal acknowledgment, stated against his pecuniary and penal interest, that he committed the forgery as susceptible to only one inference, thereby satisfying plaintiffs' burden

of making a prima facie showing of entitlement to judgment as a matter of law *(see, Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).* West having failed to oppose the motion with evidentiary proof in admissible form sufficient to require a trial of material questions of fact or to demonstrate an acceptable excuse for his failure to do so, Supreme Court properly granted plaintiffs' motion *(see, Zuckerman v City of New York, 49 NY2d 557, 562).*

Cardona, P. J., White, Casey and Peters, JJ., concur. Ordered that the order is affirmed, with costs.