■ KWANG HEE LEE, Respondent, v ADJMI 936 REALTY ASSOCIATES, Defendant, and RAY REALTY FULTON, INC., et al., Appellants. [847 NYS2d 234]—

In an action, inter alia, for an accounting, and, in effect, for a

judgment declaring that a certain contract dated August 30, 1989, was void ab initio, the defendants appeal from an order of the Supreme Court, Kings County (Schmidt, J.), dated March 3, 2006, which denied those branches of the motion of the defendant Ray Realty Fulton, Inc., and the separate motion of the defendants Clem Saad, Eli Saad, Leon Saad, and Ray Department Store Fulton, Inc., which were for summary judgment declaring that a clause in the contract dated August 30, 1989, providing the defendants with five years of prepaid rent under a lease dated November 1, 1984, as amended, is enforceable, and granted that branch of the plaintiff's cross motion which was, in effect, for summary judgment declaring that the contract was void ab initio.

Ordered that the order is affirmed, with costs, and the matter is remitted to the Supreme Court, Kings County, for the entry of a judgment declaring that the contract dated August 30, 1989, was void ab initio.

In 1986 the plaintiff, Kwang Hee Lee, and nonparty Byoung Heung Oh purchased certain real property located in Brooklyn (hereinafter the property), and leased the property to the defendant Ray Department Store Fulton, Inc. (hereinafter Ray Department Store). In 1989 Oh entered into a contract to sell the property to an entity related to Ray Department Store (hereinafter the contract), and Lee's signature on the contract was forged by Oh. The contract contained a provision providing that, upon proper cancellation of the contract by the purchaser, the sellers were required either to return to the purchaser a deposit in the sum of $300,000, or to accept the deposit money as prepaid rent for a term of five years on behalf of Ray Department Store (hereinafter the prepaid rent provision). When the proposed purchaser properly cancelled the contract, Oh did not return the $300,000.

In 1990 the property was conveyed to the defendant ADJMI 936 Realty Associates (hereinafter ADJMI) by Oh, once again using Lee's forged signature. In 1993 ADJMI sold the property to the defendant Ray Realty Fulton, Inc. (hereinafter Ray Realty). Also in 1993 Lee commenced an action, inter alia, for a judgment declaring that the purported conveyance of his interest in the property to ADJMI was a nullity because his signature on the deed was forged. Lee was ultimately determined to be a one-half owner of the property, with Ray Realty as the other one-half owner.

In 2003 Lee commenced the instant action, inter alia, for an accounting against, among others, Ray Realty, Ray Department Store, and the principals of those entities, Clem Saad, Eli Saad,

and Leon Saad. Those defendants moved, inter alia, for summary judgment declaring that the prepaid rent provision is enforceable, and Lee cross-moved, inter alia, for a judgment declaring that the contract was void ab initio because his signature was forged. The Supreme Court denied that branch of the motion which was for summary judgment declaring that the prepaid rent provision is enforceable, and granted that branch of the cross motion which was, in effect, for summary judgment declaring that the contract was void ab initio. We affirm.

Since it is undisputed that Lee's signature was forged, the Supreme Court properly found that the contract containing the prepaid rent provision was void ab initio (see Orlosky v Empire Sec. Sys., 230 AD2d 401, 403 [1997]).

The appellants failed to establish that Oh was authorized to execute the contract on Lee's behalf, since there is no evidence that Oh was authorized in writing to act as Lee's agent in this matter (see General Obligations Law § 5-703 [2]; Shui Ching Chan v Bay Ridge Park Hill Realty Co., 213 AD2d 467 [1995]). Furthermore, there is no evidence that Lee ratified Oh's conduct in writing (see Mashomack Fish & Game Preserve Club v Estate of Jackson, 130 AD2d 464 [1987]).

Accordingly, the Supreme Court properly denied that branch of the appellants' motion which was for summary judgment declaring that the prepaid rent provision is enforceable, and properly granted that branch of the plaintiff's cross motion which was, in effect, for summary judgment declaring that the contract was void ab initio.

The appellants' remaining contentions are without merit.

Since this is a declaratory judgment action, the matter must be remitted to the Supreme Court, Kings County, for the entry of a judgment declaring that the contract was void ab initio (see Lanza v Wagner, 11 NY2d 317, 334 [1962], appeal dismissed 371 US 74 [1962], cert denied 371 US 901 [1962]. Schmidt, J.P., Santucci, Florio and Dillon, JJ., concur.