McCarthy, J.
Defendant Douglas Beckwith (hereinafter defendant) and his brother, defendant Gerry Beckwith, hold title to a residence as joint tenants, with their mother, defendant Celia Beckwith, retaining a life estate in the property. Defendants insured the property, including coverage for personal belongings contained therein, naming defendants as beneficiaries. After the residence was destroyed by fire, plaintiff, who is defendant’s and Gerry Beckwith’s sister and Celia Beckwith’s daughter, commenced this action to recover the entire amount of insurance proceeds covering the personal property destroyed in the fire (hereinafter *1123 the contents funds), claiming that Celia Beckwith had given her those items prior to the fire. Plaintiff produced a bill of sale evidencing her ownership, as well as a transfer of life use of the personal property to Celia Beckwith.
In January 2011, the parties signed a written settlement agreement whereby defendants agreed to relinquish all claims to the contents funds and distribute that amount to plaintiff in exchange for plaintiffs promise to discontinue the action. The bank holding the contents funds allegedly refused to release those funds because the settlement agreement did not contain an indemnity provision protecting the bank against claims related to the release of funds. As a result, plaintiff drafted a revised settlement agreement containing identical terms plus an additional indemnity provision. Defendant refused to sign the revised agreement.
Plaintiff moved for, among other things, an order compelling defendant to execute the revised settlement agreement. Defendant cross-moved for summary judgment dismissing the complaint against him. Supreme Court granted plaintiffs motion to the extent of ordering defendant to execute the revised settlement agreement, and denied defendant’s cross motion. Defendant appeals.
Supreme Court properly rejected defendant’s argument that the settlement agreement was invalid because it lacked signatures of all relevant parties. If all the parties to the action signed the settlement agreement, it constituted an executory accord as outlined in General Obligations Law § 15-501. Defendant asserted, however, that his mother’s signature looked forged. A forgery would render the agreement void (see Kwang Hee Lee v ADJMI 936 Realty Assoc., 46 AD3d 629, 631 [2007]; Orlosky v Empire Sec. Sys., 230 AD2d 401, 403 [1997]), but defendant failed to support his assertion with sufficient evidence. While he stated that he has seen her signature on previous occasions, he did not mention any expertise in handwriting analysis or provide any support other than his supposition. In an affidavit, Celia Beckwith averred that she did not oppose plaintiffs motion to obtain the contents funds. Although it would have been clearer if Celia Beckwith directly confirmed in her affidavit that she had signed the settlement agreement, she does not state that her signature was forged and her affidavit indicates that she intends for the agreement to be enforced. Due to defendant’s lack of any proof that the agreement was forged, he has failed to create even a question of fact on that issue and we deem the agreement validly signed by all parties. Thus, the agreement was binding and Supreme Court did not err in ordering defend *1124 ant to sign the revised settlement agreement to effectuate the initial agreement.*
Defendant contends that plaintiff was not a third-party beneficiary of the insurance contract. This argument is irrelevant. Supreme Court did not decide the merits of the action, but instead merely required the parties to abide by the settlement agreement that they signed.
Defendant did not establish that the agreement was void based on legal duress, as he failed to adduce evidence that he was forced to sign the agreement due to a wrongful threat that prevented him from exercising his free will (see Adalian v Stuyvesant Plaza, 288 AD2d 789, 790 [2001]; Cavalli v Cavalli, 226 AD2d 666, 667 [1996]; see also Matter of Baby Boy O., 289 AD2d 631, 633 [2001], lv dismissed 97 NY2d 725 [2002]). Defendant was represented by counsel at the time that he signed the agreement. Defendant later proffered generalized statements regarding pressure to settle the matter and noted his stress from not seeing his mother after she moved in with plaintiff following the fire. Absent any proof that he was coerced into signing the agreement by force or threat, defendant’s later reconsideration and the familial stress he was subject to at the time of his signing were insufficient to support his claim of duress, rendering the terms of the settlement binding (see Pinkham v Pinkham, 309 AD2d 1139, 1140 [2003]; Matter of Baby Boy O., 289 AD2d at 633; Batson v Batson, 277 AD2d 750, 752 [2000]).
Lahtinen, J.P., Malone Jr., Stein and Garry, JJ., concur. Ordered that the order is affirmed, with costs.

 In an affidavit, defendant asserted that he did not agree to release and indemnify the bank in the initial agreement, thereby implying that he should not be ordered to sign the revised agreement because it contained different terms. As he does not raise this argument on appeal, we consider it abandoned and will not address it.