*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  October 30, 2014                517645
_____

BRIAN GINTY et al.,

                    Respondents,

        v

AMERICAN FUNDS SERVICE
    COMPANY,

                    Defendant,          MEMORANDUM AND ORDER
        and

JULIA A. GINTY et al.,

                    Appellants.
_____


Calendar Date:  September 8, 2014

Before:  McCarthy, J.P., Rose, Egan Jr., Devine and Clark, JJ.

                    _____


        Dennis B. Schlenker, Albany, for appellants.

        Rusk, Wadlin, Heppner & Martuscello, LLP, Kingston (John G. Rusk of counsel), for respondents.

                    _____


Rose, J.

        Appeal from an order of the Supreme Court (Work, J.), entered October 7, 2013 in Ulster County, which granted plaintiffs' motion for summary judgment.

        Plaintiffs, the sons of Francis Ginty (hereinafter decedent), commenced this action seeking to prevent defendant American Funds Service Company from disbursing funds in decedent's IRA to defendant Julia A. Ginty, decedent's sister, on the ground that decedent's signature on the form designating her as the beneficiary was a forgery and thus did not comply with

EPTL 13-3.2 (e). After joinder of issue and discovery, Supreme Court found as a matter of law that decedent was not the person who signed the designation of beneficiary form and granted plaintiffs' motion for summary judgment. Defendant Kevin Ginty, decedent's brother, and Julia Ginty (hereinafter collectively referred to as defendants) appeal, contending that issues of fact exist with respect to whether decedent's signature is a forgery.

In support of their motion, plaintiffs established that the IRA account was originally created by Kevin Ginty, who owned and operated a financial services firm at which Julia Ginty worked part time. Defendants both testified at their examinations before trial that they were familiar with decedent's signature, and both unequivocally testified that the signature in question was not decedent's. In addition, plaintiffs submitted an affidavit and report from a handwriting expert who conclusively opined that the signature was not made by decedent. This proof established the absence of any material issues of fact.

Although Kevin Ginty submitted an affidavit in opposition to the motion claiming that he could no longer be sure whether the signature in question was made by decedent, a party may not raise triable issues of fact in opposition to a motion for summary judgment by submitting a self-serving affidavit that contradicts prior sworn testimony (see Decker v Schildt, 100 AD3d 1339, 1341 n [2012]; Benamati v McSkimming, 8 AD3d 815, 817 [2004]; Brock Enters. v Dunham's Bay Boat Co., 292 AD2d 681, 683 [2002]). Defendants also submitted the affidavit of a handwriting expert, but she merely questioned whether the opinion of plaintiffs' expert was based on properly authenticated documents. She did not address the central question of whether decedent's signature on the application was authentic. Moreover, defendants did not come forward with any affirmative proof that decedent signed the form, relying only on Kevin Ginty's unsubstantiated claim that, because he signed a guarantee of signature form, decedent's signature must have been genuine. We agree with Supreme Court that defendants' evidence was insufficient to raise a triable issue of fact and, accordingly, summary judgment was properly granted (see State of New York v Passalacqua, 19 AD3d 786, 789-790 [2005]; Eggleson v Trustees of Gen. Elec. Pension Trust, 238 AD2d 871, 872 [1997]; Ticor Tit.

Guar. Co. v E.F.D. Capital Group, 210 AD2d 841, 842 [1994], lv denied 85 NY2d 809 [1995]).

McCarthy, J.P., Egan Jr., Devine and Clark, JJ., concur.

ORDERED that the order is affirmed, with costs.

ENTER:

Robert D. Mayberger
Clerk of the Court