# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1341**

**CA 14-00818**

PRESENT: CENTRA, J.P., FAHEY, VALENTINO, WHALEN, AND DEJOSEPH, JJ.

---

LITTLETON CONSTRUCTION LTD., PLAINTIFF-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

HUBER CONSTRUCTION, INC. AND LITTLETON/HUBER
JOINT VENTURE, DEFENDANTS-APPELLANTS.

---

PHILLIPS LYTLE LLP, BUFFALO (MICHAEL B. POWERS OF COUNSEL), FOR
DEFENDANTS-APPELLANTS.

FREID AND KLAWON, WILLIAMSVILLE (WAYNE I. FREID OF COUNSEL), FOR
PLAINTIFF-RESPONDENT.

---

Appeal from an order of the Supreme Court, Erie County (John A. Michalek, J.), entered December 3, 2013. The order, insofar as appealed from, denied in part the motion of defendants for summary judgment dismissing the amended complaint.

It is hereby ORDERED that the order insofar as appealed from is reversed on the law without costs, the motion is granted in its entirety, and the amended complaint is dismissed.

Memorandum: Plaintiff commenced this action seeking, inter alia, damages for a breach of contract claim. Defendants moved for summary judgment dismissing the amended complaint, and Supreme Court granted the motion, except with respect to plaintiff's claim for a share of certain management/overhead fees. We reverse the order insofar as appealed from and grant defendants' motion in its entirety.

In November 2007, plaintiff and defendant Huber Construction, Inc. (Huber) entered into a joint venture, i.e., defendant Littleton/Huber Joint Venture, for a series of renovation projects at the Buffalo Public Schools. The memorandum of understanding and amending rider (collectively, MOU) governing the joint venture state that Huber alone is entitled to a nine percent management/overhead fee on all joint venture projects. Plaintiff claims that it is entitled to a share of management/overhead fees proportional to the work it performed on behalf of the joint venture, and that claim is based on a provision in an operating agreement allegedly executed by plaintiff and Huber, but which Huber asserts is fraudulent. Plaintiff concedes on appeal that the operating agreement is "a cut and paste" of prior documents executed by the parties, but asserts that the operating agreement is nonetheless valid inasmuch as it, too, was duly executed by plaintiff and Huber.

We agree with defendants that they met their initial burden of establishing that the operating agreement at issue is fraudulent (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562).  Huber's president tendered an affidavit in which he averred that he had never signed or even seen the operating agreement at issue, and that Huber had never had a copy of it.  He further averred that, despite those facts, the signatures, dates, and notary stamp on the allegedly fraudulent operating agreement were identical to those on the MOU that he had in fact signed.  Huber also submitted copies of the MOU and the allegedly fraudulent operating agreement in order to establish the discrepancy in how each document treated management/overhead fees.  We conclude that defendants' submissions were sufficient to meet their initial burden of establishing that the operating agreement at issue was forged and is therefore void (*see Orlosky v Empire Sec. Sys.*, 230 AD2d 401, 403; *Ticor Tit. Guar. Co. v E.F.D. Capital Group*, 210 AD2d 841, 841-842, *lv denied* 85 NY2d 809; *see also Opals on Ice Lingerie v Body Lines, Inc.*, 320 F3d 362, 370).  Defendants also tendered other evidence on their motion in support of their position that the operating agreement was forged.  The bid specification sheets for each of the school projects, which plaintiff's owner reviewed and/or signed, included a nine percent "[o]verhead" fee payable to Huber.  In addition, plaintiff's owner admitted that Huber never agreed in writing to any sharing of management/overhead fees.  In opposition to defendants' motion, plaintiff failed to raise a triable issue of fact either that the allegedly fraudulent operating agreement was not forged, or that the MOU was ambiguous with respect to management/overhead fees, thereby requiring extrinsic evidence to determine the parties' intentions concerning such fees (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 324; *Hart v Kinney Drugs, Inc.*, 67 AD3d 1154, 1157-1158).  We therefore agree with Huber that it is entitled to the management/overhead fees pursuant to the terms of the MOU, and that plaintiff's claim for such fees, based on the fraudulent operating agreement, is without merit.

In light of our decision, we do not consider defendants' remaining contention.

All concur except FAHEY and WHALEN, JJ., who dissent and vote to affirm in the following Memorandum:  We respectfully dissent and would affirm.  In support of their motion for summary judgment dismissing the amended complaint, defendants submitted, inter alia, deposition testimony from plaintiff's owner, in which he stated that he signed the allegedly fraudulent operating agreement.  "It is not the function of a court deciding a summary judgment motion to make credibility determinations or findings of fact, but rather to identify material triable issues of fact (or point to the lack thereof)" (*Vega v Restani Constr. Corp.*, 18 NY3d 499, 505).  Consequently, we cannot conclude as a matter of law that the operating agreement at issue is a forgery.

Entered:  February 6, 2015                    Frances E. Cafarell
                                               Clerk of the Court